UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK-WHITE PLAINS DIVISION

------------------------------------------------------------------------------------X

JOSEPH E. SARACHEK,

                Plaintiff,

     -against-                                **COMPLAINT**

GEOFFREY S. AARONSON, AARONSON SCHANTZ BEILEY,    Case No.:_____
KYLE BAISLEY, LONG, RAGSDALE & WATERS, P.C.,
DONALD STEC


                Defendants,

------------------------------------------------------------------------------------X

Plaintiff, JOSEPH E. SARACHEK (hereinafter "Plaintiff"), by and through his attorneys, The

Sarachek Law Firm LLC, complaining of the Defendants (hereinafter "Defendants"), sets forth

and alleges as follows:

## PRELIMINARY STATEMENT

1.   This action arises from the immensely damaging and defamatory statements made by

     Defendants against Plaintiff through blatantly false electronic statements (emails) as well

     as verbal communications to various creditors who are among the top twenty unsecured

     creditors of 1 Global Capital, LLC, a Hallandale, Florida based merchant cash advance

     business that sought chapter 11 protection on July 27, 2018 in the United States

     Bankruptcy Court for the Southern District of Florida (Case No. 18-19121), as well as to

     the Office of the United States Trustee, the SEC and various other parties.  By making

these statements, Defendants willfully and negligently intended to cause harm to Plaintiff financially and professionally.

2. Plaintiff is an internationally recognized restructuring professional with over 30 years of experience in bankruptcy law.  Plaintiff has served in just about every role in commercial bankruptcy cases, including debtor's counsel, creditors' counsel, bankruptcy trustee, investor, board member, chief restructuring officer and creditor.  In addition to practicing law and investing, he currently teaches a course in bankruptcy investing and restructurings at The Leonard Stern School of New York University in New York, New York.

3. Plaintiff represents over 260 creditors in a group  of highly contentious bankruptcy cases known as Woodbridge Group currently pending in the United States Bankruptcy Court for the District of Delaware (Case No. 17-12560).  From the outset, the Woodbridge Group cases have been contentious because Plaintiff has opposed the legal position taken by the Debtors, the Official Creditors' Committee ("OCC"), Noteholders Committee, and Unitholders Committee; that Plaintiff's clients are unsecured noteholders.  Plaintiff's positions are in part based on a California consumer mortgage lending statute that protects individual lenders.  Plaintiff has sought to prove that his clients hold secured, perfected interests in various properties located in California and elsewhere while the other professionals in the case maintain they are unsecured.

4. Early on, counsel to the Woodbridge OCC, as well as counsel to the Noteholders and Unitholders, attempted to preclude Plaintiff from representing his clients' position through personal attacks.  Although Plaintiff did absolutely nothing in violation of the Bankruptcy Code and Rules, in order to advance his clients' interests, Plaintiff agreed to

abide by the terms of a stipulation to resolve his *pro hac vice* in the Delaware Bankruptcy Court.  A copy of the Bankruptcy Judge Carey's order, as well as the stipulation, is attached hereto as Exhibit 1.

5.  Subsequent to entry of Judge Carey's order, Plaintiff has been proceeding with litigation in Woodbridge and routinely appearing before Judge Carey without any further issues being raised as to Plaintiff's conduct or competency.

6.  More recently, as a result of Plaintiff's diligent and zealous representation of clients in Woodbridge, he was contacted by his existing clients to represent them in the 1GC case, and possibly to seek to represent the official creditors committee.

7.  Defendants are bankruptcy attorneys and firms who are seeking to represent the official creditors' committee and apparently will do anything, including commit liable and slander against Plaintiff, to improve their chances of representing creditors.  Defendant Donald Stec is a client of the bankruptcy attorneys and firms involved and knowingly distributed misleading and damaging information under his name to other creditors and parties in interest.

8.  Plaintiff seeks an award of compensatory and punitive damages in excess of $10,000,000 jointly and severally from Defendants for the harm caused to his personal and professional reputation, current business interests, and the impairment of business opportunities that resulted from the blatantly false and defamatory statements and implications about him published, distributed and spoken by Defendants.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1) over all claims alleged herein as the matter in controversy in the cause of action asserted herein is between citizens of different States and exceeds $75,000 in damages.

10.  Venue properly lies in this Court because it is a judicial district within a state that all Defendants have done business in and it is a judicial district in which the events and omissions give rise to the claims alleged herein occurred.

## PARTIES

11.  Plaintiff Joseph E. Sarachek is an attorney and resident of Scarsdale, New York.

12.  Defendant Geoffrey S. Aaronson is a bankruptcy attorney based in Miami, Florida who was paid $50,000 by Trae Wienewitz, a Knoxville, Tennessee insurance broker to represent Mr. Wienewitz' interests in the 1GC bankruptcy case. Mr. Aaronson is a principal of Defendant Aaronson Schantz Beiley, a law firm located in Miami, Florida.

13. Defendant Kyle Baisley is an attorney based in Knoxville, Tennessee, and represents a creditor of 1 GC, Donald Stec. Upon information and belief, Mr. Baisley is a partner in Defendant Long, Ragsdale & Waters, a law firm based in Knoxville, Tennessee.

14. Defendant Aaronson, individually, and as a principal of his law firm knowingly transmitted false and damaging statements about Plaintiff in order to deny him the opportunity to represent the Unsecured Creditors Committee of 1 GC. In that respect, Defendants not only caused injuries to Plaintiff but Plaintiff's clients as well.

15. Defendant Baisley, individually, and as a principal of his law firm knowingly transmitted false and damaging statements about Plaintiff in order to deny him the opportunity to

represent the Unsecured Creditors Committee of 1 GC.  In that respect, Defendants not only caused injuries to Plaintiff but Plaintiff's clients as well.

16. Defendant Donald Stec is a resident of Knoxville, Tennessee and one of the twenty largest creditors of 1 GC.

## **FACTUAL ALLEGATIONS**

17.  Defendant Aaronson was engaged by Trae Wieniewitz ("Wieniewitz"), a principal of Wieniewitz Financial LLC, located at 1606 Schaeffer Rd., Knoxville, Tennessee 37932. On July 30, 2018, Wieniewitz learned that 1 GC had filed for bankruptcy protection and that a hearing was taking place in the United States Bankruptcy Court for the Southern District of Florida on August 2, 2018.  Wieniewitz found Defendant Aaronson on the internet and wired him $50,000 as requested by Defendant Aaronson to represent Wieniewitz and his clients.

18. Defendant Donald Stec is a client of Wieniewitz and was introduced to Defendant Aaronson by Wieniewitz.

19. Defendant Aaronson promptly filed a Notice of Appearance on behalf of Wieniewitz on August 2, 2018.  A copy of the Notice of Appearance is attached hereto as Exhibit 2.

20. Plaintiff Sarachek received an email on August 1, 2018 from one of his clients in the Woodbridge Group bankruptcy cases that 1 GC had filed bankruptcy.  Subsequently, Sarachek received numerous phone calls from existing clients seeking further information about the status of their investments in 1 GC.

21. On August 6, 2018, after reviewing documents filed in the bankruptcy case of 1GC, Plaintiff contacted James Cassel, an attorney and experienced distressed investment advisor who is the sole Board member of 1GC in an effort to obtain further information

about the bankruptcy case for his clients.  A copy of Sarachek's email to Mr. Cassel is annexed hereto as Exhibit 3.

22. Later that same afternoon, on August 6, 2018, Sarachek introduced Mr. Cassel by email to Dean Landis, a sophisticated financier who invests in merchant cash advance businesses.  Landis offered to consider providing a debtor in possession loan to 1GC. A copy of Plaintiff's email is attached hereto as Exhibit 4.

23. On August 7, 2018, Sarachek prepared and distributed a status memo to approximately 10 existing clients.  A copy of that memo is attached hereto as Exhibit 5.

24. On August 8, 2018, Sarachek prepared a new engagement letter to represent clients in the 1 GC bankruptcy in which he proposed to charge his clients a contingency of 3% to be paid from any recovery.  The engagement letter contained a clause which indicated it would terminate in the event Sarachek were chosen as counsel for the Creditors' Committee.  A copy of that engagement letter is attached hereto as Exhibit 6.

25.  Within days of being engaged by his existing clients, Sarachek was contacted by various other creditors who were among those creditors that comprised the 20 largest unsecured creditors of 1 GC and had obtained signed engagement letters from these clients.  A copy of the list of 20 largest creditors is annexed hereto as Exhibit 7.

26. On August 9, 2018, Defendant Aaronson sent an email which stated "Potential Members of the Unsecured Creditors Committee in 1 Global Capital and 1 West Capital LLC the purpose of this letter is merely to introduce myself as a candidate for counsel to the Unsecured Creditors Committee in 1 Global Capital LLC and 1 West Capital LLC." Although "introductory" the email attached proposed Bylaws for the Committee, a letter to the US Trustee, and the list of 20 largest creditors.  In the email, Defendant Aaronson

states "I have met with and had discussions with Debtors' counsel and the new management.  Most of these people are friends and colleagues for many years. They are very sophisticated and absolutely credible."  A copy of Mr. Aaronson's letter is attached as Exhibit 8.

27. In an effort to rapidly bring order to the bankruptcy process and advance his clients' interests which was to recover as much money as possible in the bankruptcy case, on August 10, 2018, Plaintiff Sarachek and a majority of the 20 largest unsecured creditors met telephonically and selected The Sarachek Law Firm and Stichter Reidel Blaine and Postler, a Tampa, Florida firm, as counsel to an Unofficial Creditors Committee. Plaintiff's intent was not to supersede the U.S. Trustee's task of selecting an Official Creditors Committee, it was simply to hasten communications between the largest creditors and the Debtor.

28.  By email, dated August 10, 2018, Sarachek communicated to Mr. Cassel, the Unofficial Creditors' Committee's desire to meet promptly.  A copy of Plaintiff's email is annexed hereto as Exhibit 9.

29. On August 12, 2018, Paul J. Keenan Jr., an attorney from Greenberg Traurig representing 1 GC responded to Plaintiff by asserting that Plaintiff had somehow tried to circumvent the Florida Rules of Professional Conduct by contacting Mr. Cassel rather than Debtor's counsel.  However, in Mr. Cassel's declaration filed with the Bankruptcy Court he clearly states that he is an attorney experienced in bankruptcy matters.  See attached Exhibit 10.

30.  It is common practice for bankruptcy professionals to confer with one another in bankruptcy matters.  Plaintiff in no way was trying to circumvent rules of professional ethics.

31. Plaintiff was troubled by Keenan's letter and viewed it as a delay tactic which is common in bankruptcy cases.  Furthermore, based on Defendant Aaronson's timesheets produced to Wieniewitz, it is clear that he had extensive conversations with Greenberg Traurig and its professionals.

32. Further complicating matters is the fact that the Chief Restructuring Officer of 1 GC is Bradley Sharp of Development Specialists Inc.   Mr. Sharp is also the Chief Restructuring Officer of Woodbridge Group.  Plaintiff was concerned that Mr. Sharp's connection to the Woodbridge case, and opposition to Plaintiff's legal position in the Woodbridge case would somehow impact the interests of his clients in 1GC.

33. After conferring with the Unofficial Creditors Committee and evaluating the options of creditors, Plaintiff prepared a Motion For the Appointment of a Trustee.  The motion was never filed. A copy of the Motion is annexed hereto as Exhibit 11.

34.  Meanwhile, after Wieniewitz emailed Defendant Aaronson that his clients intended to hire The Sarachek Law Firm, on August 14, 2018 at 5:50 PM EDT, Defendant Aaronson said an email to Wieniewitz:

> I understand your anxiety but you should also understand who you are getting into bed with, with Sarachek.  He has already established quite a reputation in the Woodbridge case.  There is no Creditors Committee in this case yet.  The US Trustee office says that they are going to form a Committee tomorrow or the day after.  The Committee then needs to get organized and elect counsel.  Sarachek is not from South Florida, as far as I know he no longer practices law full time, and he is a Claims trader.  Be careful.  This situation is bad enough.  You don't need to potentially make it worse.

A copy of Defendant's email is annexed hereto as Exhibit 12.

35. On August 20, 2019 at 2:09 pm, Defendant Aaronson was asked by Wieniewitz to return the balance of the unused retainer.  In response to this request on August 21, 2018 at 6:07:57 PM AST Defendant Aaronson said in an email to Wieniewitz that was subsequently circulated to numerous top 20 creditors group of the largest creditors in 1 Global referring to Sarachek "nobody in Delaware has anything good to say about him." Furthermore, Defendant Aaronson also attached as an exhibit the Certification of Counsel requesting Entry of Order Approving Stipulation Resolving Pro Hac vice Admission of Joseph E. Sarachek in the Woodbridge Group cases. (Docket 1659).  Defendant Aaronson specifically highlighted in yellow ink certain language in the Woodbridge Group cases to imply that Plaintiff Sarachek violated certain Bankruptcy Rules.  As an experienced bankruptcy practitioner Defendant Aaronson knew that the Woodbridge Bankruptcy Judge did not find that Plaintiff Sarachek did anything improper.  However, Defendant Aaronson intended to mislead his client Wienewitz and others in order to inflict harm on Plaintiff's reputation.  A copy of Defendant's email is attached hereto as Exhibit 13.

36. Shortly after Defendant Aaronson's email was circulated, on August 22, 2018, Defendant Stec sent an email to various parties, including Top 20 Unsecured Creditors of First Global Capital.  The relevant part of the email states "

> Please be advised that we have obtained information leading to a conclusion that Mr. Joseph Sarachek may not be the best individual to consider as the attorney to represent the unsecured creditors committee. I know that you may have already signed an engagement letter of sorts with Mr. Sarachek, but it is not too late to change your mind as the attorney to be selected for the official Unsecured Creditors Committee has not been finalized.  There is no such thing as an "unofficial creditors committee," despite what Mr. Sarachek has stated in past emails.  My independent research indicates that Mr. Sarachek is primarily a "Claims Trader" and I do NOT believe that he has our interests in

mind.  See https://www.triaxcap.com/who-we-are  I sincerely believe that his efforts to represent any of us and/or the Unsecured Creditors Committee is simply an "in" for him to have more access to information that will benefit him in brokering each of our claims.

Defendant Stec states that he did independent research.  However, at no time, despite being offered numerous references of Plaintiff did he ever call any one of Plaintiff's references.  Defendant Stec's conduct is willful, reckless and negligent with an intent to cause harm to Plaintiff.  Shortly after receiving this email, several of Plaintiff's clients terminated their representation with him.  A copy of Mr. Stec's email is attached hereto as Exhibit 14.

37. In response to Defendant's Stec's email, Plaintiff sent an email to Defendants Stec and Baisley urging them to keep an open mind and to check his references.  Plaintiff particularly urged them to contact Jan Castenada, one of Plaintiff's Woodbridge who is an attorney and completely aware of the validity of Plaintiff's legal position.  See Plaintiff's email attached hereto as Exhibit 15.  Neither Defendant Stec nor Defendant Baisley contacted Ms. Castenada.  Surely, if Plaintiff's conduct was improper or he was acting primarily as a "claims trader" Ms. Castenada would be aware of these activities.

38. As a result of the extremely damaging conduct of Defendant Aaronson who was speaking with Defendants Stec and Baisley, on August 23, 2018, Plaintiff's law firm sent Defendant Aaronson a cease and desist letter. Defendant Aaronson never responded to the letter and continued on with his course of conduct. A copy of that letter is attached hereto as Exhibit 16.

39. On August 23, 2018, Plaintiff's law firm also sent 1GC's lead bankruptcy attorney, Paul Keenan of Greenberg Traurig, a cease and desist letter.  A copy of that letter is attached hereto as Exhibit 17.

40.  On September 10, 2018, Defendant Baisley sent an email to Mr. Stec, copying Defendant Aaronson, and Demaris Rosich-Schwartz, the Assistant United States Trustee assigned to 1 GC, further disparaging Plaintiff Sarachek.

Don: Per our earlier conversation, the relevant email correspondence is pasted below and attached.  After Sarachek sent the email pasted below holding out Blain's firm as his co-counsel, per John Dodd with Greenberg Traurig (Debtor's counsel), Sarachek contacted Cassel directly, knowing he/1GC was represented by Greenberg (major legal ethics violation) with his "claims trader" hat on in an event to circumvent this ethical requirement. After being called out by Greenberg for the ethical violation, Sarachek called a conference call with Cassel (with his counsel on the line this time) with Russ Blain on the phone once again holding him out as his co-counsel.  But for this, I would have thought that maybe Sarachek just misappropriated Blain's firm to boost his credibility.  It looks like it was with Blain's full cooperation.

The attached email shows Trae Wieniewitz (arguably the worst 1GC sales agent at issue, being compensated at least close to $1MM for selling these securities) <u>bringing in Sarachek by sending a patently false email about an outright buyer on deck and a court hearing that was never even contemplated on the docket</u>.  Many folks responded to that email by signing engagement letters with Sarachek, many of which are on the Committee.  As you will see, Wieniewitz is BLIND COPIED on Sarachek's to all of these creditors that seem to trust him so much.  Why would you blind copy one of the worst on the 1GC side?  Was Ruderman copied?  How can this guy be trusted?

Then at the 341 hearing, Blain and Sarachek sat together (for the second half of the meeting, after Sarachek moved over to sit between Blackstone and Blain).

I cannot advise that you go forward with voting this group in charge of the fate of the UCC given the Wieniewitz-Sarachek-Blain/Stichter Riedel connection, whether the UCC hires Aaronson/myself or not.  I sincerely believe that Sarachek is looking for inside information on the claims so that he can trade them and line his pocket, all at the unsecured creditors' expenses, which is unlawful and could result in *much* more than breach of fiduciary duty for anyone involved.

Copying Damaris to officially put her office on notice of what is going on.  I suspect that at least three objections would result given the Sarachek connection (from the US Trustee's Office, the SEC and the debtor), not including the objection that I recommend you make as well, and their application would most likely be denied as a result.  Either way, even the objections alone would look terrible for the UCC and the unsecured creditors' faith in them, let alone the court's denial of the application as a result of the objections.

Simply put, Stichter Riedel's connection to Sarachek is absolutely debilitating to their ability to proceed as the Committee's counsel.

See email attached hereto as Exhibit 18.

41.   Subsequently, on September 10, 2018, Defendant Aaronson alleged Plaintiff is "claims trading" in the 1GC case.  A copy of Defendant's email is attached at Exhibit 19.  The accusation by Defendant Aaronson, an AV Preeminent Peer Review Rated Lawyer with approximately 30 years of bankruptcy reorganization/restructuring and civil litigation experience is made with willful intent to damage Plaintiff and cause harm.  In addition to Defendants Aaronson and Baisley's conduct violating the Professional Rules of Ethics that govern attorney, their conduct violates the rules of the Bar Associations of Florida and Tennessee.

42. As a result of Defendants' conduct, Plaintiff was denied an interview by the Official Committee of Unsecured Creditors which was appointed on September 7, 2018.  Furthermore, upon information and belief, Defendants' conduct has caused significant delay by the Office of the United States Trustee in appointing an Official Creditors Committee.  Accordingly, Defendants conduct has not only damaged Plaintiff interests but more importantly the interests of Plaintiff's clients.

## CAUSES OF ACTION

Intentional Tort – Defamation Per Se (As against all Defendants)

43. Plaintiff repeats, reiterates, and re-alleges each and every allegation above as though set forth herein.

44. In order to state a cause of action for defamation, a plaintiff must allege the making of a false statement which was published to a third party and resulting damages.

45. Further, a cause of action for defamation per se is stated when the false statements utterly injure a plaintiff in his trade, business, or profession or accuse him of committing a serious crime.

46. Through their direct and intentional communications to third parties such as clients, Securities and Exchange Commission, the Office of the United States Trustee, and others, Defendants generated false and defamatory statements concerning Plaintiff.

47.  Namely, Defendants published statements accusing Plaintiff of violating his duties to clients, breaching the rules of professional ethics, and manipulating the bankruptcy system in violation of the Bankruptcy Code and Rules.

## PRAYER FOR RELIEF

**WHEREFORE**, upon all of the facts and circumstances herein alleged, Plaintiff

respectfully requests that this Court:

1. Grant judgment against Defendants on each and every cause of action alleged

   herein, jointly and severally;

2. Grant an order awarding Plaintiff damages in an amount not less than $10,000,000 to be determined at trial, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees, punitive damages, as well as any other damages permitted to be recovered by law pursuant to the above causes of action;

3. Grant any such further relief as the Court deems just, proper, and equitable.

Dated: Scarsdale, New York
       September 14, 2018


                                        THE SARACHEK LAW FIRM

                                        By:/s/ Joseph E. Sarachek

                                        Joseph E. Sarachek (JS 1788)
                                        101 Park Avenue, Suite 2700
                                        New York, New York. 10178
                                        212 808-7881

# Exhibit 1

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES,<br>LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>Jointly Administered<br><br>**Ref. Docket No.** 1891 |

### ORDER APPROVING STIPULATION RESOLVING
### PRO HAC VICE ADMISSION OF JOSEPH SARACHEK

Upon consideration of the *Stipulation Resolving Pro Hac Vice Admission of Joseph Sarachek* (the "Stipulation"), a copy of which is attached to this Order as Exhibit 1, by and between the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") and Joseph Sarachek (together with the Committee, the "Parties"); and which the Stipulation is entered and agreed to by the Parties; the Court having determined that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice was sufficient under the circumstances; and after the hearing held before the Court on May 1, 2018, and after due deliberation, the Court, having determined that good and adequate cause exists for approval of the Stipulation;

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is APPROVED.

2. The Order shall be effective immediately upon its entry.

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. The complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the noticing and claims agent at www.gardencitygroup.com/cases/WGC.

DOCS_DE:219184.3 94811/002

3.      The Court shall retain jurisdiction over any and all matters arising from or
related to the implementation or interpretation of the Stipulation or this Order, including, but not
limited to, Sarachek's proposed client fee arrangements.

Dated: Wilmington, Delaware
        May 31    , 2018


                                        _____
                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1 to Order

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |

### STIPULATION RESOLVING
### PRO HAC VICE ADMISSION OF JOSEPH SARACHEK

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases and Joseph Sarachek ("Sarachek" and together with the Committee, the "Parties") hereby enter this Stipulation (the "Stipulation"), subject to the Court's approval, and agree as follows:

WHEREAS, on December 4, 2017, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced voluntary cases (collectively, the "Cases") under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

WHEREAS, on January 23, 2018, the Court entered an Order [Dkt. No. 357] (the "Governance Order") resolving, among other things, two separate motions for the appointment of a chapter 11 trustee, and motions for the appointment of official committees to represent the Unitholders and the Noteholders (collectively, the "Motions"); and

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

DOCS_LA:313819.2 94811/002

WHEREAS, in the Governance Order, the Court approved a certain term sheet (the "Term Sheet") that resolved the Motions and that was the product of arms' length negotiations among the Debtors, the Committee, the United States Securities and Exchange Commission, and counsel for certain Noteholders and Unitholders; and

WHEREAS, the Term Sheet provided, among other things, for the formation of what are now known as the Ad Hoc Secured Noteholder Committee ("Noteholder Committee") and the Ad Hoc Unitholders' Committee ("Unitholders' Committee"); and

WHEREAS, the Noteholder Committee is charged with the responsibility for "litigating and/or negotiating any aspects of Noteholder treatment in these cases, focused primarily on whether Noteholders are secured, whether if secured the Noteholders are better off with substantive consolidation of the estates or not, and traditional secured creditor protections such as adequate protections for the Noteholders . . ." (Term Sheet ¶ 12); and

WHEREAS, the Term Sheet also provided, among other things, that the Secured Noteholder Committee and the Unitholders' Committee (a) "shall [] be considered fiduciaries of the Unitholders/Noteholders which such Ad Hoc Group and its members represent;" (b) are deemed parties in interest under section 1109 of the Bankruptcy Code, and (c) were given explicit rights and responsibilities, including the obligation to provide information to, and solicit and receive comments from, the constituents they represent (Term Sheet ¶ 13); and

WHEREAS, the Noteholder Committee and the Unitholders' Committee were each provided with substantial budgets to be funded by the Debtors' estates at no direct cost to any Noteholder or Unitholder (Term Sheet ¶¶ 11, 12); and

WHEREAS, on March 22, 2018, the Debtors, the Official Committee, the Noteholder Committee and the Unitholders' Committee after several days of mediation entered into a global

settlement that was memorialized in a Plan Term Sheet that was filed on March 27, 2018, at

Docket No. 828, and can be accessed at: https://bit.ly/2H7hZjr.  Subject to certain qualifications,

the Official Committee believes that under the Plan Term Sheet the Noteholders will receive a

recovery of approximately 62% to 76%.  A statement filed by the Official Committee, which is

incorporated herein, can be accessed at https://bit.ly/2GKMEVF.

      WHEREAS, Sarachek is an attorney admitted to practice in the State of New York and

practices law representing clients under The Sarachek Law Firm; and

      WHEREAS, prior and after the Governance Order was entered, the Committee's counsel

has alleged that Sarachek and others working on his behalf solicited noteholders of the

Woodbridge estates in an effort to establish attorney-client relationships (the "Solicitations") and

represent them on a contingency fee basis in establishing the seniority of their claims; and

      WHEREAS, disputes have arisen between the Parties concerning certain aspects of the

manner and content of the Solicitations and the terms upon which Sarachek will be compensated;

and

      WHEREAS, the Parties desire to resolve their disputes concerning the Solicitations

pursuant to the terms set forth below;

      NOW, WHEREFORE, in exchange for the promises and stipulations set forth herein, the

Parties agree as follows:

      1.     If Sarachek engages in any future Solicitations, he shall comply with all

applicable rules of professional responsibility, including but not limited to, the New York Rules

of Professional Conduct, the Delaware Lawyers' Rules of Professional Conduct, and the

American Bar Association Model Rules of Professional Conduct (collectively, the "Ethical

Rules").  In that regard and without limiting the obligation to comply with all of the Ethical

Rules to which Sarachek expressly agrees, Sarachek shall, among other things, clearly state "ATTORNEY ADVERTISING" on all written Solicitations.

2.     Sarachek shall not use or rely on any current or former sales agent or broker of any of Woodbridge's "products" (collectively, the "Brokers") as an instrumentality for any future Solicitations; however, nothing herein shall stop these Brokers from recommending Sarachek's services if they do so not at the request, direction or encouragement of Sarachek or his agents.  In that regard, Sarachek shall not share fees with, or otherwise compensate, any Broker in connection with any Solicitation or Sarachek's efforts in these Cases.

3.     Within five (5) days of the Court's approval of this Stipulation, Sarachek shall send a letter ("Clarification Letter") in the form attached hereto as **Exhibit "A"** *via* email or U.S. post to each of his existing clients who retained him in connection with the Cases that includes the following:

- A disclosure that the Noteholder Committee (a) exists and has retained counsel and a financial advisor; (b) has fiduciary obligations to act on behalf of all Noteholders, including trying to make them secured (notwithstanding the position of the Debtors and the Committee that they are unsecured); and (c) is funded with a $2.2 million budget to be paid for exclusively from the Debtors' estates, which funds ultimately come from creditor recoveries (and that no individual noteholder will be directly charged anything for the costs and expenses of the Noteholder Committee or their professionals).

- Provide contact information to the Official Committee's, Noteholder Committee's and Unitholders' Committee's respective counsel.

- A disclosure that a global settlement has been reached in these cases among the Debtors, the Committee, the Noteholder Committee and the Unitholders' Committee, which those groups believe resolves all issues between and among them, including the issue whether the Noteholders are secured creditors.  The global settlement has been memorialized in a plan term sheet (the "Plan Term Sheet").  The Plan Term Sheet can be accessed at: https://bit.ly/2H7hZjr, and a statement by the Official Committee in support of the Plan Term Sheet can be accessed at https://bit.ly/2GKMEVF, which statement provides that the Official Committee believes that Noteholders will receive a recovery in the range of 62% to 76%, subject to certain qualifications.

- The contingent fee due to Sarachek under his engagement letter for bankruptcy related services shall be based on: the agreement as has been negotiated between the Committee and Sarachek. Any fee dispute between Sarachek and any client relating to this case shall be determined by the Bankruptcy Court.

- A disclosure that Sarachek believes that all Noteholders should not be treated the same because differences exist based on, among other factors, the value of the collateral, the jurisdiction of the property, the underlying security documents and perfection issues and he has filed an adversary proceeding seeking to enforce the perfection and security of certain Noteholders interests.

- As set forth in Sarachek's engagement letter and under the New York Rules of Professional Conduct, if any client wishes to terminate their engagement agreement, they may do so without cost, expense or penalty, and Sarachek shall return all documents and information he received from the withdrawing client to the withdrawing client at no charge to the withdrawing client within ten (10) business days of the client actually receiving the letter in Exhibit "A."

4.      Within ten (10) days of this Stipulation, Sarachek shall file a certification with this Court that he has complied with this Stipulation, which certification shall include a copy of each letter he sent.

5.      Sarachek represents and warrants that he has not directed any Solicitations to any Unitholders, and that he does not represent any Unitholders (except to the extent these clients also hold Notes).

6.      Within five (5) days of the date of this Stipulation, Sarachek shall file an amended statement in full and complete compliance with Federal Rule of Bankruptcy Procedure 2019, including, without limitation, disclosing the name of each creditor or equity security holder at whose request the employment was arranged.

7.      Based upon the representations and agreements set forth herein, the Debtor and Committees consent to Sarachek's motion to be admitted pro hac vice to this Court, provided, however, that the Parties acknowledge that only the Court has the power to decide whether to admit an attorney pro hac vice.

8.    Nothing herein shall constitute, or be deemed to be, an admission that Sarachek has engaged in any wrongdoing or is liable for any of the conduct described herein.

9.    To the extent permitted by the Ethical Rules, nothing herein shall limit the right of the Committee's, Noteholders Committee's or Unitholders Committee's counsel from contacting any member of its constituency, whether or not represented by Sarachek, and communicating the status of these cases, including, without limitation, providing estimates of recoveries.

Dated:  April 25, 2018

PACHULSKI STANG ZIEHL & JONES LLP

Richard M. Pachulski (CA Bar No. 90073)
James I. Stang (CA Bar No. 94435)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  rpachulski@pszjlaw.com
           jstang@pszjlaw.com
           jpomerantz@pszjlaw.com
           bsandler@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

Dated:  April 24, 2018

THE SARACHEK LAW FIRM

Joseph E. Sarachek (NY Bar No. 2163228)
101 Park Avenue, Suite 2701
New York, NY  10178
Telephone:  (212) 365-8792
Facsimile:  (646) 861-4950
Email:     joe@saracheklawfirm.com

*Counsel for Lise La Rochelle and various Noteholders*

## EXHIBIT "A"

ON SARACHEK LAW FIRM LETTERHEAD

TO OUR CLIENTS:

As many of you are aware, on or about February 9, 2018, a dispute arose between my law firm and the Official Committee of Unsecured Creditors of the Woodbridge Companies (the "Official Committee") with respect to, among other things, whether my solicitation of clients, including you, complied with applicable ethical rules. In an effort to resolve this issue consensually with the Official Committee, I am required to inform you of the following:

- A Noteholder Committee (a) exists and has retained counsel and a financial advisor; (b) has fiduciary obligations to act on behalf of all Noteholders, including trying to make them secured (notwithstanding the position of the Debtors and the Committee that they are unsecured); and (c) is funded with a $2.2 million budget to be paid for exclusively from the Debtors' estates, which funds ultimately come from creditor recoveries (and no individual noteholder will be directly charged anything for the costs and expenses of the Noteholder Committee or their professionals).

- A global settlement has been reached in these cases among the Debtors, the Official Committee, the Noteholder Committee and the Unitholders' Committee, which those groups believe resolves all issues between and among them, including the issue whether the Noteholders are secured creditors. The global settlement has been memorialized in a plan term sheet (the "Plan Term Sheet") that can be found at https://bit.ly/2H7hZjr. The Official Committee has issued a statement in support of the Plan Term Sheet that can be accessed at https://bit.ly/2GKMEVF, which statement provides that the Official Committee believes that Noteholders will receive a recovery in the range of 62% to 76%, subject to certain qualifications.

- Intentionally omitted from this Exhibit is language negotiated between the Committee and Joseph E. Sarachek (that language will be added to actual client letters). Any fee dispute between client and Joseph E. Sarachek will be determined by the Bankruptcy Court administering the Woodbridge Cases.

- Notwithstanding the existence of the Noteholder Committee and the Plan Term Sheet, I believe that all Noteholders should not be treated the same because differences exist based on, among other factors, the value of the collateral, the jurisdiction of the property, the underlying security documents and perfection issues and we have filed an adversary proceeding seeking to enforce the perfection and security of certain Noteholders' interests. A copy of that proceeding can be found at 7-12560/840_12560.pdf.

- As set forth in my engagement letter with you and under the New York Rules of Professional Conduct, you may terminate my engagement agreement within ten (10) days of receiving this letter, without cost, expense or penalty. If you terminate, I will return all documents and information I have received from you at no charge

to you.

Further, I am required to provide you with the contact information to the Official Committee's, Noteholder Committee's and Unitholders' Committee's respective counsel, which appears below:

### Counsel for the Official Committee of Unsecured Creditors:

Pachulski Stang Ziehl & Jones, LLP
Bradford J. Sandler, Esquire
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-4100
bsandler@pszjlaw.com

### Counsel for the Ad Hoc Noteholder Committee:

Drinker Biddle & Reath
Steven K. Kortanek, Esquire
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-467-4200
steven.kortanek@dbr.com

### Counsel to the Official Ad Hoc Committee of Unitholders

Venable, LLP
Jeffrey S. Sabin, Esquire
1270 Avenue of the Americas
New York, NY 10020
Telephone: 212-307-5500
jssabin@venable.com

Should you have any questions regarding this letter, please do not hesitate to contact me or any of the Committees listed above.

Sincerely yours,

Joseph E. Sarachek

# Exhibit 2

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| In Re:<br><br>**1 GLOBAL CAPITAL LLC,**<br><br>    **Debtor.** | **Chapter 11**<br><br>**Case No.: 18-19121-RBR** |
|---|---|
| In Re:<br><br>**1 WEST CAPITAL LLC,**<br><br>    **Debtor.** | **Chapter 11**<br><br>**Case No.: 18-19122-RBR** |

### <u>NOTICE OF APPEARANCE AND REQUEST FOR SERVICE</u>

Undersigned counsel hereby files his appearance as counsel on behalf of **Wieniewitz Financial LLC,** and, in accordance with Fed. R. Bankr. P. 2002, requests that all parties and interested parties serve copies of any and all motions, pleadings, reports, and/or documents of any kind or nature filed in these proceedings, upon the undersigned.

In addition, it is respectfully requested that pursuant to Fed. R. Bankr. P. 2002(g), the following should be added to the Court's Mailing Matrix:

Geoffrey S. Aaronson, Esq.
Florida Bar No. 349623
Aaronson Schantz Beiley P.A.
One Biscayne Tower
2 South Biscayne Blvd., 34th Floor
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
gaaronson@aspalaw.com

Respectfully submitted,
**Aaronson Schantz Beiley P.A**

s/Geoffrey S Aaronson
Geoffrey S Aaronson, Esq.
Aaronson Schantz Beiley P.A.
One Biscayne Tower
2 South Biscayne Blvd., 34th Floor
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
gaaronson@aspalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via e-mail through the Court's CM/ECF service on August 1, 2018.

s/Geoffrey S Aaronson
Geoffrey S Aaronson

2

# Exhibit 3

**From:** Joseph Sarachek <joe@sarachecklawfirm.com>
**Sent:** Monday, August 6, 2018 1:07 PM
**To:** James S. Cassel <jcassel@cs-lb.com>
**Subject:** Sarachek contact information

···

Jim, nice speaking with you.  Attached is my v-card.  As I mentioned, I represent 260 claimants in Woodbridge and as a result have approximately 12 clients so far in 1 Global.  I appreciate your candor today and look forward to a successful recovery for my clients.  Attached is a marketing piece on my related business, Triax, which is completely separate from my law firm.  The best number to reach me on is 212 365-8792. Best, Joe


Joseph E. Sarachek
101 Park Avenue, 27th Floor
NY NY. 10178
212 808-7881

# Exhibit 4

**From:** Joseph Sarachek <joe@sarracheklawfirm.com>
**Sent:** Monday, August 6, 2018 10:57 PM
**To:** James S. Cassel <jcassel@cs-ib.com>; Dean Landis <dlandis@egcap.com>
**Subject:** Introduction to one another

Jim, meet Dean Landis, a friend of mine who has a merchant cash business and expressed an interest in providing DIP funding. Dean, meet Jim. You guys connect and feel free to leave me out of the middle. Best, Joe

James S. Cassel
Chairman

Cassel Salpeter & Co., LLC
*Experienced. Informed. Connected.*

jcassel@cs-ib.com
www.casselsalpeter.com

801 Brickell Avenue
Suite 1900
Miami, FL 33131

D:  305-438-7701
C:  305-608-9576
F:  305-438-7710
<image001.gif><image002.gif>

# Exhibit 5

**1 Global Update – Confidential and Attorney Client Privileged**  Inbox ×                                    ✕ 🖶 ⧉

**Joseph Sarachek** <joe@saracheklawfirm.com>                                          Tue, Aug 7, 11:04 AM   ☆  ↩  ⋮
to Joseph, jonathan, Jarred, Denise, bcc: shula, bcc: Kurt, bcc: brucehaas6, bcc: marienedale, bcc: Lori, bcc: Dags228, bcc: Ted, bcc: sthompfla49, bcc: Elizabeth, bcc: Robert, bcc: floppiken, bcc: palbert383 ▾

Dear Clients:

I'm sure everyone is in a bit of shock over the July 27th bankruptcy filing of 1 Global Capital (the "Company").  We are focused on getting you your money back as quickly as possible.

Here's what we know so far:

- I have spoken to the new sole director Jim Cassel in Florida and he was extremely candid however he doesn't know enough yet about the assets and liabilities, or the viability of the business going forward.  He hired Development Specialists Inc., a bankruptcy turnaround firm to review the Company's books and records and make a speedy assessment.
- Further, we participated in a Court hearing this morning insuring that the Company is able to continue to process merchant cash advances from its clients.  The Court approved the continued use of cash collateral but noted that the Company is not taking new loans or initiating new business.

  · This case appears to be different from the Woodbridge Group of Companies, which filed Chapter 11 in December 2017 and commenced because the SEC and State attorney generals were concerned about the whether promissory notes are securities. However, what is similar is that both companies raised money from individuals.
  · The Company was in business for approximately 5 years and appeared to be profitable as it was charging 30% to customers and paying out single digits to investors. It provided up to $500,000 in merchant cash advances to small business across the United States.
  · The Company has $238,000,000 of Accounts Receivable, $21,000,000 of intracompany accounts and $17,000,000 of cash and other assets.
  · The Company has approximately $283,000,000 in loans.
  · Simple math suggests that in a liquidation, creditors will receive approximately 90 cents on the dollar.
  · The SEC, US attorneys in Florida and some state attorney generals were assessing whether the company's loans are securities.
  · Carl Ruderman, the founder, his brother in law, Steven Schwartz and Darice Lang, director of operations, have all resigned.
  · The Company has 100 employees and a liability of $300,000 of biweekly payroll obligation.  The Judge asked about whether the Company was looking at trimming the number of employees.  They are evaluating this action.
  · The Company has numerous business insurance policies which could provide recovery for creditors.
  · The infrastructure may have value if the Company liquidates which also could provide recovery for creditors.

We have set up a website, www.firstglobalcapitalbankruptcy.com to provide information to creditors.  If you are interested in serving on an Official Committee of Creditors, please let us know.

Joseph E. Sarachek
212 808-7881

# Exhibit 6

**The Sarachek Law Firm**
**101 Park Avenue, 27th Floor**
**New York, NY 10178**
**Telephone: (212) 808-7881**

August 9, 2018

Dear ████████,

This letter states our understanding with respect to our legal representation of ████████ and any of their related entities  ("You" or "Your") in connection with claims ("Claims") arising from your direct or indirect investment(s) into the 1 Global Capital LLC or 1 West Capital LLC or its affiliates (collectively, "1GC"), and more generally, through any partnerships, funds, banks, investment advisers, pension plans, retirement savings plans, through such entities' or institutions' affiliates, subsidiaries, and/or related entities.

If acceptable, please indicate Your agreement to these terms by signing below and in the space provided:

1. **Nature of Services**, You hereby engage Joseph E. Sarachek, Esq. and his affiliate firm currently or prospectively serving the 1GC Investors ("Supporting Law Firm," collectively "We," "Us" and in the adjective "Our"), on a contingent fee and expense basis, to represent You in connection with Your Claims for recovery of losses in the bankruptcy cases, receiverships, liquidation by Trustee, or other legal proceedings commenced or not yet commenced that result in court ordered judgements and/or settlements of any kind from actions undertaken on Your behalf by Joseph E. Sarachek, Esq. ("Recovery").

2. **Fees and Expenses**, Except as provided in this section (section 2), We will not be entitled any fees or expense and cost reimbursements in connection with this agreement.

   A.) We shall advance all expenses including but not limited to any expenses related to depositions or any other legal proceedings.  You are liable to pay at such time as you receive Recovery as per the following scale:

   a. 3% of the Recovery.

   To the extent, we are selected as official counsel to the Committee of Unsecured Creditors, we will be able to be reimbursed directly from the bankruptcy estate. In that case, your obligation to pay us shall be terminated.  We may be able to obtain reimbursement of costs and other expenses in addition to our contingency fees as part of any settlement or judgment and will use our best efforts to do so.

   B.) The sole contingent fee upon which We shall be compensated from the Recovery shall be in the amount based on your recovery awarded by a final order of a court of competent

jurisdiction, in Federal or state court or otherwise allowed without such order, or in connection with assignment of such Claim.  In that regard, you agree to assign any Recovery to us, and we will remit the balance to you after deduction of our fees and expenses.  A calculation of the fees and expenses will be provided to you in advance, and we will seek your express consent to the amount.  In no event, will we seek compensation in excess of the contingency fee amounts indicated above plus reasonable expenses.  "Reasonable Expenses" shall include but not be limited to costs of travel, telephone, copying, fax transmission, depositions, investigators, messengers, mediation expenses, computer research fees, court fees, expert fees, other consultation fees and paralegal expenses which shall not exceed 1% of the face amount of your claim and shall be shared whenever possible pro rata among clients.

3. **Confidentiality,** We shall treat all communication with, and information provided by You, as confidential.  We shall not disclose our representation of You hereunder except to the Bankruptcy Court or other investors with potential claims whom We represent or intend to represent or until such time as litigation or claim is commenced on Your behalf.

4. **Other Clients,**  You acknowledge that we Represent, and may be retained by, other investors in the1GC case(s) and that We intend to jointly litigate the claims of such other clients together with Your claims.  You agree that any conflicts caused by such representation are waived.

5. **General Requirements,**  You agree to cooperate in the prosecution of the Claims, including providing documents relating to Your Claims and attending any deposition and/or other legal proceedings, if necessary, and understand that Your Claim shall be treated as an individual matter, but any litigation commenced may be as a group action on behalf of all of our clients who are similarly situated and that thereunder you may have a fiduciary duty to putative Class.

6. **Attorney-Client Relationship,** This letter agreement establishes an attorney-client relationship between You and Us, Joseph E. Sarachek, Esq. and any affiliate(s) as Your legal representatives.

7. **Choice of Law; Disputes to be Mediated.** This agreement shall be governed by and interpreted in accordance with the laws of the State of New York without regard to its conflicts of laws doctrine.  Any disputes will be settled through expedited mediation or arbitration which shall be held in New York, New York.

8. **Electronic Signatures Acceptable**, This Agreement may be executed in the counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.  The Agreement may be delivered by executed facsimile, PDF, or electronic transmission, which shall be deemed an original.

We thank you for the opportunity to represent You in this matter and look forward to the prospect of a prompt and favorable resolution.

Respectfully,

Joseph E. Sarachek

Accepted by signature, scanned and emailed to:
joe@saracheklawfirm.com or (646) 861-4950

By: _____ Date: _____, 2018

**Section 1210.1 of the Joint Rules of the Appellate Division (22 NYCRR § 1210.1) Statement of Client's Rights**

Your attorney is providing you with this document to inform you of what you, as a client, are entitled to by law or by custom. To help prevent any misunderstanding between you and your attorney, please read this document carefully.

If you ever have any questions about these rights, or about the way your case is being handled, do not hesitate to ask your attorney. He or she should be readily available to represent your best interests and keep you informed about your case.

An attorney may not refuse to represent you on the basis of race, creed, color, sex, national origin or disability.

You are entitled to an attorney who will be capable of handling your case; show you courtesy and consideration at all times; represent you zealously; and preserve your confidences and secrets that are revealed in the course of the relationship.

You are entitled to a written retainer agreement that must set forth, in plain language, the nature of the relationship and the details of the fee arrangement. At your request (and before you sign the agreement) you are entitled to have your attorney clarify in writing any of its terms or include additional provisions.

You are entitled to fully understand the proposed rates and retainer fee before you sign a retainer agreement, as in any other contract.

You may refuse to enter into any fee arrangement that you find unsatisfactory.

Your attorney may not request a retainer fee that is non-refundable. That is, should you discharge your attorney, or should your attorney withdraw from the case, before the retainer is used up, he or she is entitled to be paid for the time spent on your case and any expenses, but must return the balance of the retainer to you.

You are entitled to know the approximate number of attorneys and other legal staff members who will be working on your case at any given time and what you will be charged for the services of each. You are entitled to know in advance how you will be asked to pay legal fees and expenses and how the retainer, if any, will be spent.

At your request, and after your attorney has had a reasonable opportunity to investigate your case, you are entitled to be given an estimate of the approximate future costs of your case.

You are entitled to receive a written itemized bill on a regular basis, at least every 60 days.

You are expected to review the itemized bills sent by counsel and to waive any objections or errors in a timely manner. Time spent in discussion or explanation of bills will not be charged to you.

You are expected to be truthful in all discussions with your attorney and to provide all relevant information and documentation to enable him or her to competently prepare your case.

You are entitled to be kept informed of the status of your case and to be provided with copies of documents prepared in your behalf or received from the court or your adversary.

You have the right to be present at court conferences unless a judge orders otherwise.

You are entitled to make the ultimate decision of the objectives to be pursued in your case and to make the final decision regarding the settlement of your case.

Your attorney's written retainer agreement must specify under what circumstances he or she may seek to withdraw as your attorney for non-payment of legal fees. Should your attorney seek to do so, or should you discharge your attorney for any reason, you have the right to obtain the release of your file. If an action is pending, the court may give your attorney a "charging lien," which entitles your attorney to payment for services already rendered out of the proceeds of your judgment. If no action is pending, and your withdrawing attorney retains possession of the file, the attorney must return it within 30 days of withdrawal, but may then commence proceedings against you to recover any unpaid fee.

You are under no legal obligation to sign a confession of judgment or promissory note or to agree to a lien or to a mortgage on your home to cover legal fees. Your attorney's written retainer agreement must specify if, and under what circumstances, such security may be requested. In no event may such security interest be obtained by your attorney without prior court approval and notice to your adversary. An attorney security interest in the marital residence cannot be foreclosed against you.

You are entitled to have your attorney's best efforts exerted on your behalf, but no particular results can be guaranteed.

If at any time you believe that your attorney has engaged in unethical conduct, you can report the matter to the Clerk of the Appellate Division of the Supreme Court which oversees lawyer discipline.

In the event of a fee dispute, you have the right to seek arbitration, the results of which are binding.

Your attorney will provide you with the necessary information regarding arbitration in event of a fee dispute, or upon your request.

**RECEIPT OF STATEMENT OF CLIENT'S RIGHTS**


**ACKNOWLEDGED**: Dated: _____

Name: _____

# Exhibit 7

| Fill in this information to identify the case: |
| --- |
| Debtor name 1 Global Capital LLC |
| United States Bankruptcy Court for the Southern District of Florida |
| Case number (if known): _____ |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders[1]

12/1⁵

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Christopher Blackstone 19630 Southern Hills Avenue Baton Rouge, LA 70809 | Christopher Blackstone cwblacks1@cox.net | | | | | $1,754,902.75 |
| 2 | James A. Lochtefeld 8521 E 700 S Union City, IN 47390 | James A. Lochtefeld jalochtefeld@gmail.com | | | | | $1,484,687.50 |
| 3 | Russell Rasner and Kimberly Ann Rasner Joint Living Trust dtd 10-3-17 13241 Wood Duck Dr. Plainfield, IL 60585 | Russell Rasner and Kimberly Ann Rasner 630-567-6652 rrasner@comcast.net, kimrasner@comcast.net | | | | | $1,065,240.08 |
| 4 | Snow Flakes Ltd 20165 NE 39 Place Aventura, FL 33180 | svetlana.ruderman@gmail.com | | | | | $962,610.35 |
| 5 | Geoffrey Lipman 5 Arthur Grumiaux 1640 Rhode Saint Genese Brussels, Belgium | Geoffrey Lipman glipman@gmail.com | | | | | $947,635.44 |
| 6 | Frank Rimi IRA 355 Lake George Rd. Oakland, MI 48363 | Frank Rimi 248-814-0583 addison_oaks@yahoo.com | | | | | $921,608.47 |
| 7 | Steven Ross Shelton IRA 6425 Seaside Dr. Loveland, CO 80538 | Steven Ross Shelton steve69048@yahoo.com | | | | | $861,951.02 |
| 8 | Richard and Cynthia Davis 1008 Hwy K O Fallon, MO 63366 | Richard and Cynthia Davis 636-978-3800 bernie.backtobasics@gmail.com | | | | | $859,917.20 |

| | | | | | |
|---|---|---|---|---|---|
| Debtor | 1 Global Capital LLC | | Case number (if known) | | |
| | Name | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9 | Kara H. May IRA<br>120 Santee Way<br>Loudon, TN 37774-2123 | Kara H. May<br>865-408-0698<br>correspondence2017@gmail.com | | | | $840,553.06 |
| 10 | Christopher Shealy IRA<br>1017 Leah Dr.<br>Cary, IL 60013 | Christopher Shealy<br>224-223-4294<br>chrisshealy@msn.com | | | | $795,077.26 |
| 11 | Stephen F. Sawa IRA<br>552 Carrington Blvd.<br>Lenoir City, TN 37771 | Stephen F. Sawa<br>856-503-4699<br>sfsawa@hotmail.com | | | | $789,718.90 |
| 12 | Estate of Lloyd Ralph Albers<br>212 Long Bow Rd.<br>Knoxville, TN 37934 | 865-607-6889<br>lealbers@aol.com | | | | $787,743.25 |
| 13 | Diversified Holdings LTD<br>17822 17th Street, Suite 208<br>Tustin, CA 92780 | cassiusholdings@gmail.com | | | | $784,081.35 |
| 14 | Allen G. Meek IRA<br>PO Box 1291<br>Seymour, TN 37865 | Allen G. Meek<br>865-712-1429<br>allengmeek@gmail.com | | | | $759,613.79 |
| 15 | Khosrow Sohraby IRA<br>13172 Connell Drive<br>Overland Park, KS 66213 | Khosrow Sohraby<br>913-815-1147<br>ksohraby@yahoo.com | | | | $731,017.70 |
| 16 | Donald Stec IRA<br>2609 Oleander Way<br>Knoxville, TN 37931 | Donald Stec<br>609-410-5606<br>donald.stec@libertymutual.com | | | | $728,150.72 |
| 17 | Charles Carpenter and Patricia<br>Carpenter<br>299 Cardinal Street<br>Maryville, TN 37803 | Charles Carpenter and<br>Patricia Carpenter<br>865-977-8201<br>carpen@chartertn.net | | | | $682,563.44 |
| 18 | Lilia A. Bautista IRA<br>604 Crestwicke Ln<br>Knoxville, TN 37934 | Lilia A. Bautista<br>865-679-1053<br>lilbautista@aol.com | | | | $677,117.20 |
| 19 | Charles Carpenter IRA<br>299 Cardinal Street<br>Maryville, TN 37803 | Charles Carpenter<br>865-977-8201<br>charley.carpenter@arconic.com | | | | $641,169.07 |
| 20 | Edward C. Smith IRA 749199<br>3137 Hollingworth<br>West Covina, CA 91792 | Edward C. Smith<br>909-595-8678<br>hvhope2000@aol.com,<br>admin@aaishares.com,<br>admin@davidortizadvisor.co | | | | $621,409.00 |

[1] This List of Creditors Who Have the 20 Largest Unsecured Claims was prepared on a consolidated basis among all of the Debtors identified on Schedule 1.

---

**Fill in this information to identify the case and this filing:**

Debtor Name   1 Global Capital LLC

United States Bankruptcy Court for the Southern District of Florida

Case number (*if known*):   _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit   this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document,   and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the   document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in   connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/22/2018
             MM / DD / YYYY

Signature of individual signing on behalf of debtor

Steven A. Schwartz
Printed name

Authorized Signatory
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

# Exhibit 8

**From:** Geoffrey Aaronson [mailto:gaaronson@aspalaw.com]
**Sent:** Thursday, August 09, 2018 12:08 PM
**To:** Geoffrey Aaronson <gaaronson@aspalaw.com>
**Cc:** Sam Capuano <scapuano@aspalaw.com>
**Subject:** 1 Global Capital LLC

To Potential Members of the Unsecured Creditors Committee in 1 Global Capital LLC and 1 West Capital LLC:

The purpose of this letter is merely to introduce myself as a candidate for counsel to the Unsecured Creditors Committee in 1 Global Capital LLC and 1 West Capital LLC.

When these cases were filed, I was retained by one of the larger financial advisory firms to attend the initial hearings in the United States Bankruptcy Court, review all pleadings, discern why the companies filed Chapter 11, understand how the companies were going to be managed, and determine how best for the unsecured creditors to proceed to protect their rights and interests.  I was hired to learn about the filing with a view to representing the Unsecured Creditors' Committee solely.

I have practiced Chapter 11 bankruptcy reorganization now for about 39 years and I have been involved in most of the major reorganizations in South Florida.  I have represented debtors, creditors, creditor committees, secured creditors, trustees, purchasers, principals and specifically I have represented over $300 Million of creditors in the recent Southeast Banking Corporation case and in the Rothstein case.  Every case is unique, but I can advise that in these two cases, all of my clients were paid 100% of their claims.

I have reviewed the Court file in detail and I have attended the two Bankruptcy Court hearings in this case.  There is new professional management of these Debtors who just came on Board.  The Ruderman family did not choose the new management.  The new management are professional turnaround advisors and financial advisors, highly regarded in the community and nationally.  I have met with and had discussions with Debtors' counsel and the new management.  Most of these people are friends and colleagues for many years.  They are very sophisticated and absolutely credible.

I have been asked to speak to large groups of creditors in this case, essentially to provide them with basic information regarding the Chapter 11 filings and the procedures involved in Chapter 11.

I would respectfully encourage you to serve on the Unsecured Creditors' Committee and to consider me as counsel for the Committee.  I would ask you to please call me at your convenience to discuss this case.  My contact information, including my cell phone, is below.  You may reach out to me at any time, including over the weekend.

Also, please note that there appear to be a significant number of creditors on the list of 20 Largest Unsecured Creditors who reside in Tennessee or in that vicinity.  While we can, and should, hold periodic meetings by telephone or by GoToMeeting.com I am happy to attend the initial meeting and any subsequent meetings in Tennessee or anywhere else convenient to the Committee.

I look forward to speaking with you.

Attached for your consideration are (a) proposed Bylaws of the Committee; (2) a copy of the U.S. Trustee letter regarding acceptance to serve on the Committee; and (3) initial list of 20 largest creditors filed by the Debtor.  Please note that your response to the U.S. Trustee is due Monday, August 13, 2018, and that you are permitted to respond by fax.

Thank you.

Geoffrey S Aaronson

**Geoffrey S Aaronson, Esq.**
**Aaronson Schantz Beiley P.A.**
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, Florida 33131
Office 786.594.3000
Cellular 786.543.2487
Fax 305.424.9336
gaaronson@aspalaw.com



**4 Attachments**                                                                                    

 Proposed ...   UST Ltr to ...   2 List of 2...

# Exhibit 9

1 Global - Unofficial Creditors Committee

**Joseph Sarachek** <joe@saracheklawfirm.com>                                                                                    Fri, Aug 10, 3:30 PM
to James, rblaini

Jim, this morning, the majority of creditors in the top 20 unsecured creditors held a meeting and selected my firm and Stichter Reidel as counsel to the Unofficial Creditors Committee (the "Committee").  The Committee has asked Russ Blain and I to meet with you Monday at your earliest convenience as they are extremely concerned that the Company is not collecting receivables and generating new business.  I look forward to hearing from you. Best, Joe

← Reply      ← Reply all      → Forward

# Exhibit 10



Paul J. Keenan Jr.
Tel 305.579.0805
keenanp@gtlaw.com

August 12, 2018

**VIA ELECTRONIC MAIL AND U.S. REGISTERED MAIL**

Joseph E. Sarachek, Esq.
101 Park Avenue, 27th Floor
New York, New York  10178
joe@saracheklawfirm.com

Re:     *In re 1 Global Capital, LLC et al.* (the "Debtors"); United States Bankruptcy Court
        for the Southern District of Florida (the "Bankruptcy Court"); Case No. 18-19121-
        RBR (the "Bankruptcy Case")

Mr. Sarachek:

As you know, our firm represents the Debtors in their Bankruptcy Case and Mr. James
Cassel is the independent manager of both Debtors.

Mr. Cassel has informed us that you contacted him directly by telephone on Monday,
August, 6, 2018, by electronic mail on Friday, August 10, 2018, and by voicemail and
electronic mail on Sunday, August 12, 2018.  Attached as composite Exhibit A are e-mails
from you to Mr. Cassel.  On each occasion, the purpose of the contact was to discuss
matters concerning the Bankruptcy Case.  You have never contacted me or anyone at our
law firm to gain permission to speak directly with Mr. Cassel without counsel present.

As you know, your repeated contact with Mr. Cassel violates Section 4-4.2(a) of the
Florida Rules of Professional Conduct (the "Rules of Professional Conduct"), as adopted
from the Model Rules of Professional Conduct, which provides as follows:

> In representing a client, a lawyer must not communicate about the subject of the
> representation with a person the lawyer knows to be represented by another lawyer
> in the matter, unless the lawyer has the consent of the other lawyer.

You are directed not to contact Mr. Cassel and to comply with the Rules of Professional
Conduct.  Our office will contract you on Monday to discuss the status of the Bankruptcy
Case.

Sincerely,

*/s/ Paul J. Keenan Jr.*

Paul J. Keenan Jr.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BERLIN¬
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY⁺
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNT
WEST PALM BEACH

¬OPERATES AS
  GREENBERG TRAURIG GERMANY, L
*  OPERATES AS
  GREENBERG TRAURIG MAHER LLP
⁺ OPERATES AS
  GREENBERG TRAURIG, S.C.
∞ STRATEGIC ALLIANCE
^ OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFI
¤ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA USA
~ OPERATES AS
  GT TOKYO  HORITSU JIMUSHO
∞ OPERATES AS
  GREENBERG TRAURIG GRZESIAK S

GREENBERG TRAURIG, LLP  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM
MetLife Building, 200 Park Avenue  ■  New York, New York 10166  ■  Tel 212.801.9200  ■  Fax 212.801.6400

cc:    Harley E. Riedel, Esq.
       Stichter, Riedel, Blain & Postler, P.A.
       110 East Madison Street
       Suite 200
       Tampa, Florida 33602
       hriedel@srbp.com@srbp.com

       Russell M. Blain, Esq.
       Stichter, Riedel, Blain & Postler, P.A.
       110 East Madison Street
       Suite 200
       Tampa, Florida 33602
       rblain@srbp.com

**COMPOSITE EXHIBIT A**

**Dodd, John R. (OfCnsl-Mia-Bky)**

| | |
|---|---|
| **From:** | James S. Cassel <jcassel@cs-ib.com> |
| **Sent:** | Sunday, August 12, 2018 6:15 PM |
| **To:** | Dodd, John R. (OfCnsl-Mia-Bky); Keenan Jr., Paul J. (Shld-Mia-Bky); Bradley Sharp (bsharp@dsi.biz) |
| **Subject:** | FW: 1 Global -Unofficial Creditors Committee |

James S. Cassel
Chairman

Cassel Salpeter & Co., LLC
*Experienced. Informed. Connected.*

jcassel@cs-ib.com
www.casselsalpeter.com

801 Brickell Avenue
Suite 1900
Miami, FL 33131

D:  305-438-7701
C:  305-608-9576
F:   305-438-7710



Member FINRA | SIPC

The information contained in this transmission may contain confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.  Cassel Salpeter & Co., LLC reviews and archives all e-mail. Such e-mail may be produced at the request of regulators and/or others.

**From:** Joseph Sarachek <joe@saracheklawfirm.com>
**Sent:** Friday, August 10, 2018 5:30 PM
**To:** James S. Cassel <jcassel@cs-ib.com>
**Cc:** rblain@srbp.com
**Subject:** 1 Global -Unofficial Creditors Committee

Jim, this morning, the majority of creditors in the top 20 unsecured creditors held a meeting and selected my firm and Stichter Reidel as counsel to the Unofficial Creditors Committee (the "Committee").  The Committee has asked Russ Blain and I to meet with you Monday at your earliest convenience as they are extremely concerned that the Company is not collecting receivables and generating new business.  I look forward to hearing from you. Best, Joe


--

Joseph E. Sarachek
212 365-8792

**Dodd, John R. (OfCnsl-Mia-Bky)**

| | |
|---|---|
| **From:** | James S. Cassel <jcassel@cs-ib.com> |
| **Sent:** | Sunday, August 12, 2018 6:15 PM |
| **To:** | Bradley Sharp (bsharp@dsi.biz); Dodd, John R. (OfCnsl-Mia-Bky); Keenan Jr., Paul J. (Shld-Mia-Bky) |
| **Subject:** | FW: 1 Global |

James S. Cassel
Chairman

Cassel Salpeter & Co., LLC
*Experienced. Informed. Connected.*

jcassel@cs-ib.com
www.casselsalpeter.com

801 Brickell Avenue
Suite 1900
Miami, FL 33131

D:  305-438-7701
C:  305-608-9576
F:   305-438-7710



Member FINRA | SIPC

The information contained in this transmission may contain confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.  Cassel Salpeter & Co., LLC reviews and archives all e-mail. Such e-mail may be produced at the request of regulators and/or others.

**From:** Joseph Sarachek <joe@saracheklawfirm.com>
**Sent:** Sunday, August 12, 2018 2:07 PM
**To:** James S. Cassel <jcassel@cs-ib.com>
**Cc:** Russell M. Blain <rblain@srbp.com>; Harley E. Riedel <hriedel@srbp.com>
**Subject:** 1 Global

Russ, I just left you a voicemail.  Harley and I represent 17 of the top 20 creditors who formed a Committee and directed us to meet with you tomorrow. I will be available in Ft. Lauderdale after 12, please confirm your availability.  Thank you. - Joe

# Exhibit 11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www. flsb.uscourts.gov

---------------------------------------------------------------x
In Re:                                          )
                                                ) Chapter 11
1 GLOBAL CAPITAL LLC,                           )
                                                ) Case No. 18-19121-RBR
        Debtor.                                 )
---------------------------------------------------------------x
---------------------------------------------------------------x
In Re:                                          )
                                                ) Chapter 11
1 WEST CAPITAL LLC                              )
                                                ) Case No. 18-19122-RBR
        Debtor.                                 )
---------------------------------------------------------------x

**ORDER GRANTING MOTION FOR**
**THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Upon the *Motion For The Appointment of A Chapter 11 Trustee* (the "Motion") [Docket

No.____]; the Court having reviewed the Motion; and a hearing having been held on the Motion

on _____, 2018 (the "Hearing"); and the Court having found at the Hearing that good

and sufficient cause appearing; and the Court having found at the Hearing that (i) the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this

district pursuant to 28 U.S.C. §1408 and 1409, (iii) this is a core proceeding pursuant to 28

U.S.C. § 157(b) and (iv) notice of the Motion was sufficient under the circumstances, and after

due deliberation the Court having determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates, creditors and all parties in interest, and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that United States Trustee is hereby directed to appoint one disinterested person as the Chapter 11 Trustee under 11 U.S.C. § 1104 and Bankruptcy Rules 2007.1 and 9014 no later than _____days after entry of this Oder; and it is further

**ORDERED**, that the Debtor and any other individual or entity in possession or control of the Debtor's records and property, or any records and property necessary to operate the Debtor, shall turn over possession and/or control of such records and property to the Trustee to allow the Trustee to operate and manage; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated:_____, 2018
Ft. Lauderdale, Florida

_____
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www. flsb.uscourts.gov

---------------------------------------------------------------x
In Re:                                    )
                                          ) Chapter 11
1 GLOBAL CAPITAL LLC,                     )
                                          ) Case No. 18-19121-RBR
    Debtor.                          )
---------------------------------------------------------------x
---------------------------------------------------------------x
In Re:                                    )
                                          ) Chapter 11
1 WEST CAPITAL LLC                        )
                                          ) Case No. 18-19122-RBR
    Debtor.                          )
---------------------------------------------------------------x


## **MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

       Christopher Blackstone, James A Lochtefeld, Frank Rimi, Steve Ross Shelton, Richard

and Cynthia Davis, Khosrow Sohraby, Kara H. May,  Stephen F. Sawa, the Estate of Lloyd

Ralph Albers, Allen G. Meek, Charles and Patricia Carpenter, Lilia A. Bautista, Edward C.

Smith and Doug Hullander,  all unsecured creditors in the List of the Debtors' 20 largest

creditors as members of the Ex Officio of Unsecured Creditors (the "Ex Officio Creditors'

Committee" or "Movants"), by and through its undersigned counsel, hereby move this court (the

"Motion") for the entry of an order directing the appointment of a Chapter 11 trustee (the

"Trustee") in the above-captioned Chapter 11 cases, substantially in the form attached hereto as

Exhibit A, under sections 105(a) and 1104(a)(2) of title 11 of the United States Code (the

"Bankruptcy Code") and Rules  2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"). In support hereof, the Movants respectfully state as follows:

**PRELIMINARY STATEMENT**

1.      By this Motion, the Ex Officio Creditors Committee ("EOC") seeks the immediate appointment of a Chapter 11 Trustee to serve as a responsible fiduciary who can oversee the operation of 1 Global Capital, LLC, a merchant cash advance business, pursuant to Section 1104(a)(2) because it is in the best interests of creditors.  Subsequent to the Petition Date (as defined below), the EOC has made numerous attempts to obtain financial information from the proposed Chairman of the Board, James Cassel and the Debtor's proposed counsel, Greenberg Traurig, and has received nothing.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

3.      On July 27, 2018 (the "Petition Date"), the above-captioned debtors (the "Debtors") sought protection under Chapter 11 of Title 11 of the United States Code, thus commencing these cases (the "Case").

4.      The fourteen members of the EOC collectively hold in excess of $14,000,000 of loans against the Debtors.  Prior to the Petition Date, members of the EOC were receiving monthly statements and had no reason to suspect that the Debtor's business affairs were not in order.

5.      On August 10, 2018, individuals in the Debtors' top 20 largest unsecured creditors telephonically held a conference call and elected Chris Blackstone as Chairman of the EOC.  Mr. Blackstone's Affidavit is annexed hereto as Exhibit A.  After communicating with

numerous law firms, the EOC chose The Sarachek Law Firm and Stichter, Reidel, Blaine & Prosser as their local counsel.   Joseph Sarachek represents over 250 investors in an unrelated bankruptcy case, Woodbridge Group Holdings, some of whom also have invested in the Debtor. SRBP is a well-known Tampa firm specializing in bankruptcy.  Both Mr. Sarachek and representatives of SRBP attempted to schedule meetings with the Greenberg Traurig to obtain financial information.   Rather than timely provide information, the Debtor and its representatives have refused to cooperate.

6.       While this case is slightly over three weeks old, members of the EOC are concerned because: 1) The Debtors' are not making any new loans and the value of the Debtors' good will is declining making it difficult to market the Debtor as a going concern; 2) Up until August 10, 2018, the Debtor's were not collecting on their accounts receivable; and 3) The Debtors' unilaterally terminated the operations of Brite Smile, an unrelated affiliate with a significant receivable to the Debtors; 4) the Chairman of the EOC received a threatening letter from the law firm representing the Debtors' accountants, Daszkal Bolton; and 5) the Professionals have yet to submit applications seeking their retention in these cases while making critical decisions about the Debtors' operations that seriously impact the creditors.

## APPOINTMENT OF A TRUSTEE
## IS ESSENTIAL TO PROTECT CREDITORS

7.       Pursuant to Section 1104(a)(2):

 **(a)** At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
 **(2)**
if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

1104 U.S.C. sec. 1104.

Upon information and belief, there are no secured creditors in this case.  Therefore, the unsecured creditors are the largest stakeholders in this case.  Decisions are being made that impacts their collateral. By appointing a Chapter 11 Trustee, creditors will have greater transparency and certainty that the business will be preserved.

## **CONCLUSION**

8.      Accordingly, the UOC respectfully requests that the Court enter its order a) granting the Motion; b) ordering the appointment of a Chapter 11 Trustee under section 1104(a)(2)the Bankruptcy Code; c) ordering the Debtor and any other individual or entity in possession of the Debtors' records and property to cooperate with the Trustee and immediately turn over to the Trustee all records and property of the estate in their possession or control; and (d) granting the EOC such other and further relief as the Court may deem appropriate.

## **RESERVATION OF RIGHTS**

9.      Movants expressly reserve their rights to assert, amend, modify or supplement this Motion and to seek additional discovery and/or present evidence at any hearing in connection with this motion.

For the aforementioned reasons, Movants respectfully request that this Court appoint a Trustee immediately.

Dated: New York, NY
        August   , 2018

                                        THE SARACHEK LAW FIRM

                        By:     /s/ Joseph E. Sarachek_____
                                Joseph E. Sarachek (Bar #2163228)
                                101 Park Avenue, 27th Floor
                                New York, NY. 10178
                                (212) 808-788

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www. flsb.uscourts.gov

----------------------------------------------------------------x

| | |
|---|---|
| In Re: | ) |
| | ) Chapter 11 |
| 1 GLOBAL CAPITAL LLC, | ) |
| | ) Case No. 18-19121-RBR |
| Debtor. | ) |

----------------------------------------------------------------x
----------------------------------------------------------------x

| | |
|---|---|
| In Re: | ) |
| | ) Chapter 11 |
| 1 WEST CAPITAL LLC | ) |
| | ) Case No. 18-19122-RBR |
| Debtor. | ) |

----------------------------------------------------------------x

| | |
|---|---|
| STATE OF LOUISIANA | ) |
| | : ss.: |
| East Baton Rouge Parish | ) |

Christopher Blackstone, being duly sworn, states:

1. I am the largest creditor listed on the top twenty list of unsecured creditors of the Debtor, 1 Global Capital LLC.

2. On August 10, 2018, a group of fourteen of the largest creditors held a telephonic meeting and elected me as Chairman of the Ex Officio Creditors' Committee (EOC).

3. Members of the EOC felt the need to organize because we are extremely concerned that the professionals running the Debtor do not understand the importance of keeping the business running.  We believe if the business shuts down, receivables will be more difficult to collect and our recovery as creditors will be severely impacted.

4.  I am a businessman and know many attorneys, as do other members of the EOC.  We have received many solicitations from attorneys offering to represent us.  A typical solicitation looks like the attached letter from Geoffrey Aaronson soliciting my support of him as counsel to the Committee.  See Exhibit A.   In paragraph 3 of his letter, Mr. Aaronson says "he has met with and had discussions with Debtors' counsel and new management."

5.  After some deliberation, the EOC chose to hire Joseph Sarachek of The Sarachek Law Firm because we feel our chances for recovery will be improved by his representation of us.  We also chose Stichter, Reidel, Blaine & Prosser to serve as our local counsel.

6.  The EOC instructed Mr. Sarachek to meet with the Debtor's representatives, however the Debtors' representatives have refused.  This is unacceptable to us.  Debtors' counsel claims they only want to meet with counsel to the Official Committee however it is clear from Mr. Aaronson's letter that the Debtor's representatives have met with him.

7.  Furthermore, on August 10, 2018, I received the attached threatening letter from the law firm representing Daszkal Bolton.  See Exhibit B.  I know nothing about the circumstances that resulted in this letter other than it suggests to me that Daszkal Bolton is concerned about their liability in this case.  Accordingly, I would ask the Court not to approve the representation of any firm or individual that is connected with Daszkal Bolton, the Debtors' accountants.

8. Lastly, I respectfully request that this Court recognize the EOC as the Official Creditors'
Committee.  I have spoken with the US Trustee's office and made it clear that speedy
appointment of a Committee is critical.


_____
CHRISTOPHER BLACKSTONE

Sworn to before me this
____ day of August, 2018


_____
Notary Public

# Exhibit 12

Begin forwarded message:

**From:** Geoffrey Aaronson <gaaronson@aspalaw.com>
**Date:** August 14, 2018 at 5:50:40 PM EDT
**To:** 'Trae Wieniewitz' <Plan@traew.com>
**Subject: RE: Disengagement**

Trae,  I was out most of today and just saw this.

I will prepare a bill and send you refund.

However, I want you to know a couple things.  First, it appears that you are becoming a bit emotional here.  I understand your anxiety but you should also understand who you are getting into bed with, with Sarachek.  He has already established quite a reputation in the Woodbridge case.  There is no Creditors Committee in this case yet.  The US Trustee office says that they are going to form a Committee tomorrow or the day after.  The Committee then needs to get organized and elect counsel.  Sarachek is not from South Florida, as far as I know he no longer practices law full time, and he is a Claims trader.  Be careful.  This situation is bad enough.  You don't need to potentially make it worse.

I understand that you are concerned about being sued and about potential liability in this case.  There are no "quick fixes."  This case is different in many respects from Woodbridge and there are numerous sources to look at: the Debtor, the Debtor's undisclosed businesses, the Rudermans, the banks...  There may be significant legitimate receivables.

If you want to discuss, please call me tomorrow.  However this works out, I'd like to see you protected as much as possible.

Geoffrey

# Exhibit 13

**From:** Geoffrey Aaronson <gaaronson@aspalaw.com>
**Date:** August 21, 2018 at 6:07:57 PM AST
**To:** 'Trae Wieniewitz' <Plan@traew.com>
**Subject: RE: Retainer return**

Trae,

I'm sorry.  Been in Court most of yesterday and today.  I'm working late tonight to catch up.  Tonight I will prepare the final bill, and should get a check out to you tomorrow.  If you want me to wire it tomorrow, please give me your wire info.

On another note, Trae, even though I don't now represent you, I will tell you that you need to be VERY careful with Sarachek.  I do not think you should be associating with him, no matter what he is promising you, or what he is promising anyone else.  No one in Delaware has anything good to say about him.  The Court may not have been enamored with him either.  Apparently, in Woodbridge he was improperly soliciting note holders by relying on "sales agents and brokers", and he may be doing the same thing now.  As well, it appears that he has not been effective to date either.  See attached, pages 9 and 10.  He has been a claims trader for years, and I was told that he actually had to justify to the Delaware Court that he was still practicing law.

You have enough issues.  You don't need to align yourself with more problems.

In any event, I wish you the best.

Geoffrey

Geoffrey S Aaronson, Esq.
Aaronson Schantz Beiley P.A.
One Biscayne Tower
2 South Biscayne Boulevard, Floor 34
Miami, Florida 33131
Office 786.594.3000
Cellular 786.543.2487
Fax 305.424.9336
gaaronson@aspalaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | Case No. 17-12560 (KJC) |
| Debtors.[1] | Jointly Administered |

### CERTIFICATION OF COUNSEL REQUESTING ENTRY OF ORDER APPROVING STIPULATION RESOLVING PRO HAC VICE <u>ADMISSION OF JOSEPH E. SARACHEK</u>

The undersigned hereby certifies the following:

1.      Joseph E. Sarachek ("Sarachek"), upon information and belief, is an attorney admitted to practice in the State of New York and has appeared in these cases on behalf of certain noteholders.

2.      After his initial appearance in these cases, the Official Committee of Unsecured Creditors (the "Committee", together with Sarachek, the "Parties") alleged that Sarachek and others working on his behalf improperly solicited noteholders of the Debtors in an effort to establish attorney-client relationships (the "Solicitations") and represent them on an unfairly high contingency fee basis.

3.      On March 28, 2018, a *Motion and Order for Admission Pro Hac Vice* [D.I. 851] (the "Pro Hac Application") was filed on behalf of Sarachek by The Rosner Law Group LLC, Sarachek's Delaware counsel.

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423.   The complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of such information may be obtained on the website of the noticing and claims agent at www.gardencitygroup.com/cases/WGC.

4.     At a hearing held before this Court on March 28, 2018, the Committee informally objected to the Pro Hac Application and disputed certain aspects of the manner and content of Sarachek's representation of certain noteholders.

5.     After several hearings and numerous discussions, the Parties have resolved the Committee's objections to the Pro Hac Application pursuant to the *Stipulation Resolving Pro Hac Vice Admission of Joseph Sarachek* (the "Stipulation"), attached to the proposed form of order as Exhibit 1.  The Debtors, Noteholder Committee and Unitholders' Committee do not oppose the approval of the Stipulation.

6.     A proposed form of order approving the Stipulation is attached hereto as **Exhibit A**.

7.     Accordingly, the Parties respectfully request entry of the Proposed Order at the Court's earliest convenience.

Dated: April 26, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

                                         */s/ Bradford J. Sandler*
                                         Richard M. Pachulski (CA Bar No. 90073)
                                         James I. Stang (CA Bar No. 94435)
                                         Jeffrey N. Pomerantz (CA Bar No. 143717)
                                         Bradford J. Sandler (DE Bar No. 4142)
                                         Colin R. Robinson (DE Bar No. 5524)
                                         919 North Market Street, 17th Floor
                                         P.O. Box 8705
                                         Wilmington, DE  19899 (Courier 19801)
                                         Telephone: 302-652-4100
                                         Facsimile:  302-652-4400
                                         E-mail: rpachulski@pszjlaw.com
                                                 jstang@pszjlaw.com
                                                 jpomerantz@pszjlaw.com
                                                 bsandler@pszjlaw.com
                                                 crobinson@pszjlaw.com

                                         *Counsel for the Official Committee of Unsecured Creditors*

DOCS_DE:219184.1 94811/002                              2

# <u>EXHIBIT A</u>

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>Jointly Administered<br><br>**Ref. Docket No. ___** |

### ORDER APPROVING STIPULATION RESOLVING
### PRO HAC VICE ADMISSION OF JOSEPH SARACHEK

Upon consideration of the *Stipulation Resolving Pro Hac Vice Admission of Joseph Sarachek* (the "Stipulation"), a copy of which is attached to this Order as Exhibit 1, by and between the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") and Joseph Sarachek (together with the Committee, the "Parties"); and which the Stipulation is entered and agreed to by the Parties; the Court having determined that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice was sufficient under the circumstances; and after due deliberation, the Court, having determined that good and adequate cause exists for approval of the Stipulation;

**IT IS HEREBY ORDERED THAT:**

1.    The Stipulation is APPROVED.

2.    The Order shall be effective immediately upon its entry.

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. The complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the noticing and claims agent at www.gardencitygroup.com/cases/WGC.

      3.     The Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

Dated: Wilmington, Delaware
                  _____, 2018

                                     _____
                                     THE HONORABLE KEVIN J. CAREY
                                     UNITED STATES BANKRUPTCY JUDGE

# **Exhibit 1 to Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |

### STIPULATION RESOLVING
### PRO HAC VICE ADMISSION OF JOSEPH SARACHEK

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases and Joseph Sarachek ("Sarachek" and together with the Committee, the "Parties") hereby enter this Stipulation (the "Stipulation"), subject to the Court's approval, and agree as follows:

WHEREAS, on December 4, 2017, the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced voluntary cases (collectively, the "Cases") under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"); and

WHEREAS, on January 23, 2018, the Court entered an Order [Dkt. No. 357] (the "Governance Order") resolving, among other things, two separate motions for the appointment of a chapter 11 trustee, and motions for the appointment of official committees to represent the Unitholders and the Noteholders (collectively, the "Motions"); and

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14225 Ventura Boulevard #100, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the proposed undersigned counsel for the Debtors.

DOCS_LA:313819.2 94811/002

WHEREAS, in the Governance Order, the Court approved a certain term sheet (the "Term Sheet") that resolved the Motions and that was the product of arms' length negotiations among the Debtors, the Committee, the United States Securities and Exchange Commission, and counsel for certain Noteholders and Unitholders; and

WHEREAS, the Term Sheet provided, among other things, for the formation of what are now known as the Ad Hoc Secured Noteholder Committee ("Noteholder Committee") and the Ad Hoc Unitholders' Committee ("Unitholders' Committee"); and

WHEREAS, the Noteholder Committee is charged with the responsibility for "litigating and/or negotiating any aspects of Noteholder treatment in these cases, focused primarily on whether Noteholders are secured, whether if secured the Noteholders are better off with substantive consolidation of the estates or not, and traditional secured creditor protections such as adequate protections for the Noteholders . . ." (Term Sheet ¶ 12); and

WHEREAS, the Term Sheet also provided, among other things, that the Secured Noteholder Committee and the Unitholders' Committee (a) "shall [] be considered fiduciaries of the Unitholders/Noteholders which such Ad Hoc Group and its members represent;" (b) are deemed parties in interest under section 1109 of the Bankruptcy Code, and (c) were given explicit rights and responsibilities, including the obligation to provide information to, and solicit and receive comments from, the constituents they represent (Term Sheet ¶ 13); and

WHEREAS, the Noteholder Committee and the Unitholders' Committee were each provided with substantial budgets to be funded by the Debtors' estates at no direct cost to any Noteholder or Unitholder (Term Sheet ¶¶ 11, 12); and

WHEREAS, on March 22, 2018, the Debtors, the Official Committee, the Noteholder Committee and the Unitholders' Committee after several days of mediation entered into a global

settlement that was memorialized in a Plan Term Sheet that was filed on March 27, 2018, at Docket No. 828, and can be accessed at: https://bit.ly/2H7hZjr.  Subject to certain qualifications, the Official Committee believes that under the Plan Term Sheet the Noteholders will receive a recovery of approximately 62% to 76%.  A statement filed by the Official Committee, which is incorporated herein, can be accessed at https://bit.ly/2GKMEVF.

WHEREAS, Sarachek is an attorney admitted to practice in the State of New York and practices law representing clients under The Sarachek Law Firm; and

WHEREAS, prior and after the Governance Order was entered, the Committee's counsel has alleged that Sarachek and others working on his behalf solicited noteholders of the Woodbridge estates in an effort to establish attorney-client relationships (the "Solicitations") and represent them on a contingency fee basis in establishing the seniority of their claims; and

WHEREAS, disputes have arisen between the Parties concerning certain aspects of the manner and content of the Solicitations and the terms upon which Sarachek will be compensated; and

WHEREAS, the Parties desire to resolve their disputes concerning the Solicitations pursuant to the terms set forth below,

NOW, WHEREFORE, in exchange for the promises and stipulations set forth herein, the Parties agree as follows:

1.      If Sarachek engages in any future Solicitations, he shall comply with all applicable rules of professional responsibility, including but not limited to, the New York Rules of Professional Conduct, the Delaware Lawyers' Rules of Professional Conduct, and the American Bar Association Model Rules of Professional Conduct (collectively, the "Ethical Rules").  In that regard and without limiting the obligation to comply with all of the Ethical

Rules to which Sarachek expressly agrees, Sarachek shall, among other things, clearly state "ATTORNEY ADVERTISING" on all written Solicitations.

2.    Sarachek shall not use or rely on any current or former sales agent or broker of any of Woodbridge's "products" (collectively, the "Brokers") as an instrumentality for any future Solicitations; however, nothing herein shall stop these Brokers from recommending Sarachek's services if they do so not at the request, direction or encouragement of Sarachek or his agents.  In that regard, Sarachek shall not share fees with, or otherwise compensate, any Broker in connection with any Solicitation or Sarachek's efforts in these Cases.

3.    Within five (5) days of the Court's approval of this Stipulation, Sarachek shall send a letter ("Clarification Letter") in the form attached hereto as **Exhibit "A"** *via* email or U.S. post to each of his existing clients who retained him in connection with the Cases that includes the following:

- A disclosure that the Noteholder Committee (a) exists and has retained counsel and a financial advisor; (b) has fiduciary obligations to act on behalf of all Noteholders, including trying to make them secured (notwithstanding the position of the Debtors and the Committee that they are unsecured); and (c) is funded with a $2.2 million budget to be paid for exclusively from the Debtors' estates, which funds ultimately come from creditor recoveries (and that no individual noteholder will be directly charged anything for the costs and expenses of the Noteholder Committee or their professionals).

- Provide contact information to the Official Committee's, Noteholder Committee's and Unitholders' Committee's respective counsel.

- A disclosure that a global settlement has been reached in these cases among the Debtors, the Committee, the Noteholder Committee and the Unitholders' Committee, which those groups believe resolves all issues between and among them, including the issue whether the Noteholders are secured creditors.  The global settlement has been memorialized in a plan term sheet (the "Plan Term Sheet").  The Plan Term Sheet can be accessed at: https://bit.ly/2H7hZjr, and a statement by the Official Committee in support of the Plan Term Sheet can be accessed at https://bit.ly/2GKMEVF, which statement provides that the Official Committee believes that Noteholders will receive a recovery in the range of 62% to 76%, subject to certain qualifications.

- The contingent fee due to Sarachek under his engagement letter for bankruptcy related services *shall be based on: the agreement as has been negotiated between the Committee and Sarachek*. Any fee dispute between Sarachek and any client relating to this case shall be determined by the Bankruptcy Court.

- A disclosure that Sarachek believes that all Noteholders should not be treated the same because differences exist based on, among other factors, the value of the collateral, the jurisdiction of the property, the underlying security documents and perfection issues and he has filed an adversary proceeding seeking to enforce the perfection and security of certain Noteholders interests.

- As set forth in Sarachek's engagement letter and under the New York Rules of Professional Conduct, if any client wishes to terminate their engagement agreement, they may do so without cost, expense or penalty, and Sarachek shall return all documents and information he received from the withdrawing client to the withdrawing client at no charge to the withdrawing client within ten (10) business days of the client actually receiving the letter in Exhibit "A."

4.    Within ten (10) days of this Stipulation, Sarachek shall file a certification with this Court that he has complied with this Stipulation, which certification shall include a copy of each letter he sent.

5.    Sarachek represents and warrants that he has not directed any Solicitations to any Unitholders, and that he does not represent any Unitholders (except to the extent these clients also hold Notes).

6.    Within five (5) days of the date of this Stipulation, Sarachek shall file an amended statement in full and complete compliance with Federal Rule of Bankruptcy Procedure 2019, including, without limitation, disclosing the name of each creditor or equity security holder at whose request the employment was arranged.

7.    Based upon the representations and agreements set forth herein, the Debtor and Committees consent to Sarachek's motion to be admitted pro hac vice to this Court, provided, however, that the Parties acknowledge that only the Court has the power to decide whether to admit an attorney pro hac vice.

8.      Nothing herein shall constitute, or be deemed to be, an admission that Sarachek has engaged in any wrongdoing or is liable for any of the conduct described herein.

9.      To the extent permitted by the Ethical Rules, nothing herein shall limit the right of the Committee's, Noteholders Committee's or Unitholders Committee's counsel from contacting any member of its constituency, whether or not represented by Sarachek, and communicating the status of these cases, including, without limitation, providing estimates of recoveries.

Dated: April 25, 2018

PACHULSKI STANG ZIEHL & JONES LLP

Richard M. Pachulski (CA Bar No. 90073)
James I. Stang (CA Bar No. 94435)
Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  rpachulski@pszjlaw.com
         jstang@pszjlaw.com
         jpomerantz@pszjlaw.com
         bsandler@pszjlaw.com
         crobinson@pszjlaw.com

*Counsel for the Official Committee of Unsecured
Creditors*

Dated: April 24, 2018

THE SARACHEK LAW FIRM

Joseph E. Sarachek (NY Bar No. 2163228)
101 Park Avenue, Suite 2701
New York, NY  10178
Telephone:  (212) 365-8792
Facsimile:  (646) 861-4950
Email:      joe@saracheklawfirm.com

*Counsel for Lise La Rochelle and various Noteholders*

## EXHIBIT "A"

ON SARACHEK LAW FIRM LETTERHEAD

TO OUR CLIENTS:

As many of you are aware, on or about February 9, 2018, a dispute arose between my law firm and the Official Committee of Unsecured Creditors of the Woodbridge Companies (the "Official Committee") with respect to, among other things, whether my solicitation of clients, including you, complied with applicable ethical rules. In an effort to resolve this issue consensually with the Official Committee, I am required to inform you of the following:

- A Noteholder Committee (a) exists and has retained counsel and a financial advisor; (b) has fiduciary obligations to act on behalf of all Noteholders, including trying to make them secured (notwithstanding the position of the Debtors and the Committee that they are unsecured); and (c) is funded with a $2.2 million budget to be paid for exclusively from the Debtors' estates, which funds ultimately come from creditor recoveries (and no individual noteholder will be directly charged anything for the costs and expenses of the Noteholder Committee or their professionals).

- A global settlement has been reached in these cases among the Debtors, the Official Committee, the Noteholder Committee and the Unitholders' Committee, which those groups believe resolves all issues between and among them, including the issue whether the Noteholders are secured creditors. The global settlement has been memorialized in a plan term sheet (the "Plan Term Sheet") that can be found at https://bit.ly/2H7hZjr. The Official Committee has issued a statement in support of the Plan Term Sheet that can be accessed at https://bit.ly/2GKMEVF, which statement provides that the Official Committee believes that Noteholders will receive a recovery in the range of 62% to 76%, subject to certain qualifications.

- Intentionally omitted from this Exhibit is language negotiated between the Committee and Joseph E. Sarachek (that language will be added to actual client letters). Any fee dispute between client and Joseph E. Sarachek will be determined by the Bankruptcy Court administering the Woodbridge Cases.

- Notwithstanding the existence of the Noteholder Committee and the Plan Term Sheet, I believe that all Noteholders should not be treated the same because differences exist based on, among other factors, the value of the collateral, the jurisdiction of the property, the underlying security documents and perfection issues and we have filed an adversary proceeding seeking to enforce the perfection and security of certain Noteholders' interests. A copy of that proceeding can be found at 7-12560/840_12560.pdf.

- As set forth in my engagement letter with you and under the New York Rules of Professional Conduct, you may terminate my engagement agreement within ten (10) days of receiving this letter, without cost, expense or penalty. If you terminate, I will return all documents and information I have received from you at no charge

to you.

Further, I am required to provide you with the contact information to the Official Committee's, Noteholder Committee's and Unitholders' Committee's respective counsel, which appears below:

### Counsel for the Official Committee of Unsecured Creditors:

Pachulski Stang Ziehl & Jones, LLP
Bradford J. Sandler, Esquire
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-4100
bsandler@pszjlaw.com

### Counsel for the Ad Hoc Noteholder Committee:

Drinker Biddle & Reath
Steven K. Kortanek, Esquire
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: 302-467-4200
steven.kortanek@dbr.com

### Counsel to the Official Ad Hoc Committee of Unitholders

Venable, LLP
Jeffrey S. Sabin, Esquire
1270 Avenue of the Americas
New York, NY 10020
Telephone: 212-307-5500
jssabin@venable.com

Should you have any questions regarding this letter, please do not hesitate to contact me or any of the Committees listed above.

Sincerely yours,

Joseph E. Sarachek

# Exhibit 14

----- Forwarded Message -----
**From:** DONALD STEC <donald.stec@comcast.net>
**To:** "cwblacks1@cox.net" <cwblacks1@cox.net>; "jalochtefeld@gmail.com" <jalochtefeld@gmail.com>; "rrasner@comcast.net" <rrasner@comcast.net>; "svetlana.ruderman@gmail.com" <svetlana.ruderman@gmail.com>; "glipman@gmail.com" <glipman@gmail.com>; "addison_oaks@yahoo.com" <addison_oaks@yahoo.com>; "steve69048@yahoo.com" <steve69048@yahoo.com>; "berniebacktobasics@gmail.com" <berniebacktobasics@gmail.com>; "correspondence2017@gmail.com" <correspondence2017@gmail.com>; "chrisshealy@msn.com" <chrisshealy@msn.com>; "sfsawa@hotmail.com" <sfsawa@hotmail.com>; "lealbers@aol.com" <lealbers@aol.com>; "cassiusholdings@gmail.com" <cassiusholdings@gmail.com>; "allengmeek@gmail.com" <allengmeek@gmail.com>; "ksohraby@yahoo.com" <ksohraby@yahoo.com>; "lilbautista@aol.com" <lilbautista@aol.com>; "charley.carpenter@arconic.com" <charley.carpenter@arconic.com>; "hvhope2000@aol.com" <hvhope2000@aol.com>; "admin@aaishares.com" <admin@aaishares.com>; "admin@davidortizadvisor.com" <admin@davidortizadvisor.com>; "kimrasner@comcast.net" <kimrasner@comcast.net>; "cwblacks1@icloud.com" <cwblacks1@icloud.com>; "carpen@charter.net" <carpen@charter.net>
**Cc:** "kbaisley@lrwlaw.com" <kbaisley@lrwlaw.com>
**Sent:** Wednesday, August 22, 2018, 8:09:11 PM EDT
**Subject:** First Global Capital (1GC) - Top 20 Unsecured Creditors/Investors


Dear Fellow 1GC Investors:


My name is Don Stec. I live in Knoxville, TN and similar to each of you, my financial future was recently impacted by 1GC's bankruptcy announcement. Like you, I am one of the top 20 unsecured creditors in the 1GC bankruptcy and I am sending this e-mail to let you know that despite repeated information that an attorney has been retained to represent the clients of Wieniewitz Financial who have been impacted by the bankruptcy, I have chosen to seek counsel of my own here in Knoxville to assist in recovering my substantial investment.

Quite simply and speaking from the heart, I have chosen not to sit back and wait for other's advice in this matter (especially from the very individual that had me invest my retirement into 1GC just this past March), but instead to be proactive and do whatever I can to take control of this situation to protect my future and recover my money.

The individual I have chosen to represent me, Kyle A. Baisley of Long, Ragsdale & Waters is a professional, knowledgeable attorney with many years of experience representing clients in bankruptcy and investment situations similar to ours. I retained this individual to represent me within the first week of the bankruptcy announcement and in the short time this attorney and I have worked together, very positive and proactive relationships have been established between us and multiple interested parties in the 1GC case including the Department of Justice (DOJ), representatives from the Securities and Exchange Commission (SEC) and other attorneys that are close to the situation and knowledgeable of all of the players involved (Mr. Geoffrey Aaronson included). Mr. Baisley has also put the US Trustee's Office on notice of some concerns that we have with respect to actions being taken by Wieniewitz Financial, Trae Wieniewitz and Joseph Sarachek to corral a large group of creditors for their own benefit.

As I see it, there are two simple choices that any of us can make at this time:

1. Sit back and wait to be kept informed with limited information that may be in other's best interest, and not ours; or
2. Become proactive, engaged, and informed in doing everything possible to take control of re-securing our financial future.

Please be advised that we have obtained information leading to a conclusion that Mr. Joseph Sarachek may not be the best individual to consider as the attorney to represent the unsecured creditors committee. I know that you may have already signed an engagement letter of sorts with Mr. Sarachek, but it is not too late to change your mind as the attorney to be selected for the official Unsecured Creditors Committee has not been finalized.  There is no such thing as an "unofficial creditors committee," despite what Mr. Sarachek has stated in past emails.  My independent research indicates that Mr. Sarachek is primarily a "Claims Trader" and I do NOT believe that he has our interests in mind.  See https://www.triaxcap.com/who-we-are  I sincerely believe that his efforts to represent any of us and/or the Unsecured Creditors Committee is simply an "in" for him to have more access to information that will benefit him in brokering each of our claims.

I am informed that the Office of the United States Trustee determines the make-up of the Unsecured Creditors Committee, and that the 1GC Bankruptcy Court must approve counsel for the Unsecured Creditors Committee. Neither has occurred yet. I believe it imperative that we choose competent counsel who will look out for OUR interests, and not a Claims Trader looking to take 3% of our recovery in addition to whatever margin he may be able to squeeze out by brokering our claims.

I also know that your heads may be spinning with all the advertisements being received from attorneys interested in representing you, but I am not an attorney. I am in this mess along with you and would simply like to share information to help us all make the best and most informed decision possible and to keep us from being steered off of a cliff once again.

If you are interested in learning more and hearing what we are doing, please do not hesitate to call or reply. I can arrange for us to meet (in person or via phone for those of you who do not live in Knoxville) with my attorney to share what information we have at this time. In any event, there are many other very competent attorneys and professionals who can represent us and do not have pre-existing agendas or ulterior motives. Please consider this over the coming days as things will move quickly and the decisions that we make are of the utmost importance.

Thanks very much for your interest and look forward to hearing from you in the near future.


Don Stec

609-410-5606

donald.stec@comcast.net

# Exhibit 15

joe@saracheklawfirm.com>

Fri, Aug 24, 8:43 AM


to DONALD, Kyle

Dear Mr. Baisley and Mr. Stec,

I heard that you disparaged me yesterday by questioning my motives in representing creditors of 1 Global. I heard you promoted Mr. Aaronson. I would like you to consider my response and keep an open mind:
- Check out my references, particularly Jan Castenada, a lawyer and creditor in Woodbridge:
  - **Jan Castenada,** Former Counsel of Albertsons Supermarkets and real estate attorney. jancastaneda@msn.com 561 237-5696. Ms. Castenada is an investor in Woodbridge Group and is a sophisticated attorney who has witnessed my work on behalf of noteholders in that bankruptcy case. She will affirm that we are the only law firm standing up for the rights of investors.
- **James Carr,** Chairman Kelley Drye & Warren, https://www.kelleydrye.com NYC law firm. 212 808-7955. Carr has known me professionally and personally for over 25 years. Mr. Carr can speak to my legal skills and passion for my clients.
- **Jay Goldsmith.** Balfour Investors, https://www.balfourinvestors.com. 212 489-8040. Goldsmith knows me 30 years and also knows that professionally I handled one of the largest meat industry bankruptcies as Trustee and separately one of the large art gallery cases. I also was instrumental in obtaining a presidential commutation from President Trump of a 27 year prison sentence of the CEO of Agriprocessors.
- **Adam Aronson,** CEO Arrowsight. https://www.arrowsight.com 914 953-1071. Arrowsight is a video software auditing company that services meat plants, hospitals and other institutions. After 9/11, I helped change the focus of Arrowsight towards a commercial marketplace and raised critical funds to keep Arrowsight going.


Here's what I know:

1 The best avenue for creditors to get repaid in full is to have an operating business. For that we need financial information which the Debtor has refused to give. That's why I wanted an informal committee appointed, to get information. When some of my existing clients in Woodbridge called me to tell me about 1 Global, I called James Cassel and said I know someone in the MCA business and he "might" be interested in the business as a going concern. In fact, the guy was willing to look. Did Mr. Cassel call him. NO! Why didn't he? This is very troubling to me.
2 In my opinion, you do not want someone who is friends with the Debtor's attorneys like Mr. Aaronson because this business is not about friendship, its about recovering the most money. This is a one time engagement for lawyers like Aaronson. He needs the cooperation of these other lawyers day in his other cases. I don't care about being a muckraker and pissing off Miami lawyers, I just want all your money back and will do what it takes to get it back.
3 I don't need this representation, I do it because I love what I do. Yes, I have many other businesses, claims trading (triaxcap.com), life settlements (www.emergentcapital.com) but that's what makes me a practical creditors' rights lawyer. I practice law because I

want to get you 100% back.  And by the way, if I'm chosen as Committee counsel, the 3% fee arrangement terminates. But I'm not about fees, I'm about results.  Ask Jan Castenada what she thinks. I've never sought to protect the brokers.  And by the way, I have NO side deals with them.  As you know, Mr. Baisley, this is against the rules of professional ethics.

4  Let's see who is chosen for the Committee and then decide who will get you back all your money.   The fastest way to get your money back is out of the business not lawsuits that drag on for years.

5  Lastly, I have no loyalty to Trae or any broker or advisor; ask Jan again.  I just want to set the record straight. Best, Joe

# Exhibit 16

**The Sarachek Law Firm**
**101 Park Avenue, 27th Floor**
**New York, NY 10178**
**Telephone: (212) 808-7881**
**Facsimile: (646) 861-4950**

August 23, 2018

**Via Email**
gaaronson@aspalaw.com

Geoffrey S. Aaronson
Aaronson Schantz Beiley P.A.
Miami Tower, Suite 2700
100 SE 2nd Street
Miami, Florida 33131

Dear Mr. Aaronson:

This letter is intended to put you on notice that you should cease and desist from making false and misleading statements to third parties about The Sarachek Law Firm, and more specifically Joseph E. Sarachek, retract such statements on an expedited basis in writing, and provide such other and further relief that is necessary and appropriate to preserve and protect the rights of The Sarachek Law Firm.

We are aware that you have been making disparaging remarks, including recently communicating false information to Mr. Donald Stec and other members of the Ex Officio Committee of Lenders of 1 Global Capital LLC. Further, your statement that "nobody in Delaware has anything good to say about him" is patently false and damaging. These communications violate the General Principals as stated in the Florida Bar's Creed of Professionalism. We expect you to issue a retraction immediately and reserve our right to pursue all available remedies.

Sincerely,

Jonathan Miller
FOR THE SARACHEK LAW FIRM

# Exhibit 17

**The Sarachek Law Firm**
**101 Park Avenue, 27th Floor**
**New York, NY 10178**
**Telephone: (212) 808-7881**
**Facsimile: (646) 861-4950**

August 23, 2018

**Via Email**
keenanp@gtlaw.com

Paul J. Keenan, Jr.
Greenberg Traurig
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131

Dear Mr. Keenan:

This letter is intended to put you on notice that you should cease and desist from making false and misleading statements to third parties about The Sarachek Law Firm, and more specifically Joseph E. Sarachek, retract such statements on an expedited basis in writing, and provide such other and further relief that is necessary and appropriate to preserve and protect the rights of The Sarachek Law Firm.

We are aware that you have been making disparaging remarks, including recently communicating false information to Mr. Geoffrey Aaronson, James Cassel, and members of Stichter Reidel. These communications violate the General Principals as stated in the Florida Bar's Creed of Professionalism. We expect you to issue a retraction immediately and reserve our right to pursue all available remedies.

Sincerely,

Jonathan Miller
FOR THE SARACHEK LAW FIRM

# Exhibit 18

**From:** Kyle Baisley <KBaisley@lrwlaw.com>
**Sent:** Monday, September 10, 2018 4:45 PM
**To:** DONALD STEC <donald.stec@comcast.net>
**Cc:** Geoffrey Aaronson <gaaronson@aspalaw.com>; Rosich-Schwartz, Damaris (USTP) <Damaris.D.Rosich-Schwartz@usdoj.gov>
**Subject:** FW: Unofficial Creditors' Committee of 1 Global Capital
**Importance:** High

Don:

Per our earlier conversation, the relevant email correspondence is pasted below and attached.  After Sarachek sent the email pasted below holding out Blain's firm as his co-counsel, per John Dodd with Greenberg Traurig (Debtor's counsel), Sarachek contacted Cassel directly, knowing he/1GC was represented by Greenberg (major legal ethics violation) with his "claims trader" hat on in an event to circumvent this ethical requirement.

After being called out by Greenberg for the ethical violation, Sarachek called a conference call with Cassel (with his counsel on the line this time) with Russ Blain on the phone once again holding him out as his co-counsel.  But for this, I would have thought that maybe Sarachek just misappropriated Blain's firm to boost his credibility.  It looks like it was with Blain's full cooperation.

The attached email shows Trae Wieniewitz (arguably the worst 1GC sales agent at issue, being compensated at least close to $1MM for selling these securities) bringing in Sarachek by sending a patently false email about an outright buyer on deck and a court hearing that was never even contemplated on the docket.  Many folks responded to that email by signing engagement letters with Sarachek, many of which are on the Committee.  As you will see, Wieniewitz is BLIND COPIED on Sarachek's to all of these creditors that seem to trust him so much.  Why would you blind copy one of the worst on the 1GC side?  Was Ruderman copied?  How can this guy be trusted?

Then at the 341 hearing, Blain and Sarachek sat together (for the second half of the meeting, after Sarachek moved over to sit between Blackstone and Blain).

I cannot advise that you go forward with voting this group in charge of the fate of the UCC given the Wieniewitz-Sarachek-Blain/Stichter Reidel connection, whether the UCC hires Aaronson/myself or not.  I sincerely believe that Sarachek is looking for inside information on the claims so that he can trade them and line his pocket, all at the unsecured creditors' expenses, which is unlawful and could result in *much* more than breach of fiduciary duty for anyone involved.

Copying Damaris to officially put her office on notice of what is going on.  I suspect that at least three objections would result given the Sarachek connection (from the US Trustee's Office, the SEC and the debtor), not including the objection that I recommend you make as well, and their application would most likely be denied as a result.  Either way, even the objections alone would look terrible for the UCC and the unsecured creditors' faith in them, let alone the court's denial of the application as a result of the objections.

Simply put, Stichter Riedel's connection to Sarachek is absolutely debilitating to their ability to proceed as the Committee's counsel.



Kyle A. Baisley
*Attorney*
**Long, Ragsdale & Waters, P.C.**
1111 N. Northshore Dr., S-700
Knoxville, TN 37919
(865) 584-4040 (office)
(865) 719-7071 (mobile)
(865) 584-6084 (fax)

**Confidentiality Notice**: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential information, attorney-client privileged information and/or attorney work product. If you are not the intended recipient, take notice that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 865-584-4040, and destroy the original transmission and its attachments without reading or saving in any manner.

**Treasury Department Circular 230 Disclosure**: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. Any taxpayer should seek independent tax advice with respect to any Federal tax transaction or matter addressed herein.

# Exhibit 19

---------- Original Message ----------
From: Geoffrey Aaronson <gaaronson@aspalaw.com>
To: 'Kyle Baisley' <KBaisley@lrwlaw.com>, 'DONALD STEC' <donald.stec@comcast.net>
Date: September 10, 2018 at 4:56 PM
Subject: RE: Unofficial Creditors' Committee of 1 Global Capital

Don, I agree.  This is important.


Blain was promoted as "co-counsel" with Sarachek, and/or as Sarachek's "local counsel."


Blain and Sarachek called the Debtor together as co-counsel.


Don, you have serious fiduciary duties to all of the creditors here.  No claims trading.  Everyone should be above reproach.


Geoffrey





**Geoffrey S Aaronson, Esq.**

**Aaronson Schantz Beiley P.A.**

One Biscayne Tower

2 South Biscayne Boulevard, Floor 34

Miami, Florida 33131

Office 786.594.3000

Cellular 786.543.2487

Fax 305.424.9336

gaaronson@aspalaw.com