UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/19

------------------------------------------------------------X
                        :

JOSEPH E. SARACHEK,           :
                Plaintiff,     :       18-cv-08393 (NSR)
   -against-             :       OPINION & ORDER
                        :

GEOFFREY S. AARONSON, AARONSON    :
SCHANTZ BEILEY, PA, KYLE BAISLEY,    :
LONG, RAGSDALE & WATERS, P.C., and    :
DONALD STEC,               :
                Defendants.    :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

Plaintiff commenced this action against the named Defendants asserting claims sounding in

defamation. Thereafter, Plaintiff voluntarily discontinued the action. Presently before the Court is

Defendants' motion for reconsideration of the Court's Orders denying Defendants' motions for

sanctions, pursuant to Federal Rules of Civil Procedure Rule 11 ("Rule 11") and 28 U.S.C. §1927,

as untimely. (ECF No. 47.) For the following reason, Defendants' motion for reconsideration is

GRANTED and upon reconsideration Defendants' motion for sanctions is DENIED.

## PROCEDURAL BACKGROUND

Plaintiff Joseph E. Sarachek ("Sarachek" or "Plaintiff") commenced the instant action on or

about September 14, 2018, asserting claims against Defendants, Geoffrey S. Aaronson

("Aaronson"), Aaronson Schantz Beiley ("Aaronson Firm") (collectively the "Aaronson

Defendants"), Kyle Baisley ("Baisley"), Long, Ragsdale & Waters, P.C. (the "Long Firm")

(collectively the Long Defendants), and Donald Stec ("Stec") for defamation. (ECF No. 1,

Complaint.) By Stipulation and Orders, dated October 8 and 19, 2018, all Defendants sought and

were granted an extension of time, until November 20, 2018, to appear, answer, or otherwise

1

respond to the complaint. (ECF No. 13 & 21.) On November 12, 2018, the Long and Aaronson Defendants requested a pre-motion conference, pursuant to the Court's Individual Rules 3.A.ii, for the purpose of filing motions to dismiss and for sanctions. (ECF Nos. 23 & 24.) By letter dated November 19, 2018, Defendant Stec requested a pre-motion conference for the purpose of filing a motion to dismiss. (ECF No.27.) By Memorandum Endorsement dated January 10, 2019, the Court waived the pre-motion conferences and set a briefing schedule for Defendants' motions. (ECF No. 28.) According to the briefing schedule, all motion papers were to be filed no later than April 29, 2019.

On April 5, 2019, Plaintiff requested an extension of time to respond to Defendants' motions. (ECF No. 29.) The Court granted Plaintiff's request and also extended Defendants time to reply to May 22, 2019. (*Id.*) In accordance with the Court's prior briefing schedule, all motion papers were to be filed on the rely date of May 22, 2019. On April 29, 2019, approximately one month prior to the filing deadline, Plaintiff filed a Notice of Voluntary Discontinuance (ECF No. 30.) Despite Plaintiff's discontinuance of the action, on May 22, 2019, Defendants Aaronson and Long filed motions seeking sanctions, pursuant to Fed. R. Civ. P. § 11 ("Rule 11") and 28 U.S.C. §1927, as against Plaintiff. (ECF No. 32, 34, & 35.) By orders dated May 23, 2019, the Court denied Defendants' motion for sanction as moot on the basis that the underlying claims were discontinued prior to Defendants filing of their motions to dismiss. (ECF No. 44 & 45.) On May 25, 2019, the Aaronson and Long Defendants moved for reconsideration on the basis that the Court misapplied the law.

## STANDARD OF REVIEW

### I.      RECONSIDERATION

Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The standard for a motion for reconsideration pursuant to Local Rule 6.3 is strict. *Targum v. Citrin Cooperman & Company, LLP*, No. 12 Civ. 6909, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). Such a motion "is not a vehicle for . . . taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Koehler v. Bank of Bermuda, Ltd.*, No. M18–302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). Rather, "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Sys. Mgmt. Arts Inc. v. Avesta Techs, Inc.*, 106 F. Supp. 2d 509, 521 (S.D.N.Y. 2000). "New arguments which could have been raised previously may not be raised on a motion for reconsideration." *Thypin Steel Co. v. Certain Bills of Lading*, No. 96-CV-2166(RPP), 1999 WL 108728, at *1 (S.D.N.Y. Mar. 3, 1999).

Reconsideration of a court's prior order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-CV-3430, 05-CV-4759, & 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006). Thus, motions for

reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig*, 886 F. Supp. 2d 298, 311 – 12 (S.D.N.Y. 2012); *accord Analytical Surveys, Inc.*, 684 F.3d at 52. Alternatively, a court may grant a motion for reconsideration to "correct a clear error or prevent manifest injustice." *In re Optimal*, 886 F. Supp. 2d at 312 (internal quotation marks omitted).

## II. INHERENT AUTHORITY

It is well settled that courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 – 631 (1962). Among their vested authority is "the power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)); *see also Ex parte Robinson*, 19 Wall. 505, 510 (1874). Significantly, Court have the authority to police itself and to impose sanctions for "bad faith conduct." *Chambers*, 501 U.S. at 46. That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *Id.* at 44–45; *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). When exercising their inherent authority to impose sanctions, courts should use discretion to ensure the sanction is compensatory rather than punitive in nature. *See Mine Workers v. Bagwell*, 512 U.S. 821, 826 – 832 (1994).

## III. RULE 11

Generally, Rule 11 provides that every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name or by a party personally if the party is unrepresented. Fed. R. Civ. P 11(a). By presenting to the court a pleading, written motion, or other paper, an attorney, or party, attests that to the best of the person's knowledge, information,

4

and belief that (1) the document it is presenting is for a proper purpose, and not to harass, cause unnecessary delay, or purposefully increase the cost of litigation; (2) the claim(s), defense(s), and legal contentions being presented are justified by prevailing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11 has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed R. Civ. P. 11 (c)(1).

Typically, sanctions should be imposed only in "extraordinary circumstances." *Graves v. Deutsche Bank Sec. Inc.*, No. 07-CV-5471(BSJ), 2010 WL 997178, at *7 (S.D.N.Y. Mar. 18, 2010) (internal quotation marks omitted). The court's authority to levy sanctions is limited to what is "sufficient to deter repetition of such conduct." See *Simon DeBartolo Grp., L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) (internal citations omitted). Liability under Rule §11 for the imposition of sanction requires a showing of "objective unreasonableness on the part of the attorney or client signing the papers." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (quoting *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997)). Pleadings violate Rule 11 if they are determined to be frivolous, legally unreasonable, or factually without foundation, even if they are not signed in bad faith. *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). Likewise, the imposition of sanction has been deemed appropriate upon a showing that the allegation were utterly lacking in support. see *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003).

The imposition of sanctions is collateral to and independent from the underlying case such that the district court has jurisdiction to impose sanctions, if warranted, irrespective of the status of the underlying claims or case. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) *see also Willy v. Coastal Corp.*, 503 U.S. 131, 137–39, (1992); *Chemiakin v. Yefimov*, 932 F.2d 124, 127 (2d Cir. 1991). Whether to grant sanctions under Rule 11 should be "made with restraint." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). The decision to impose sanctions is not mandatory, but rather is a matter for the court's discretion, such that the Court need not impose sanctions even when there has been a judicial determination that Rule 11 has been violated. *See* Fed. R. Civ. P. 11(c), the court "may ... impose an appropriate sanction . . . ."; *see also Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); *Lorber v. Winston*, 993 F. Supp. 2d 250, 253 (E.D.N.Y. 2014).

Rule 11(c)(2), commonly referred to as the safe harbor provision, provides in relevant part:

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

This provision allows the target of a sanctions motion "the opportunity to withdraw the potentially offending statements [or claim] before the sanctions motion is officially filed." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003). The safe harbor provision is a strict procedural requirement. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 n.4 (2d Cir.2002); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327–29 (2d Cir.1995). A movant's failure to comply with the procedural requisites will result in the denial of the motion. *Benicorp Ins. Co. v. Nat'l Med. Health Card Sys.*, Inc., 447 F. Supp. 2d 329, 341 (S.D.N.Y. 2006); *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 67 – 68 (S.D.N.Y.1999).

**IV.    28 USC § 1927**

Under 28 USC § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of the statute is "to deter unnecessary delays in litigation." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Cheng v. GAF Corp.*, 713 F.2d 886, 890 (2d Cir.1983). Imposition of a sanction under 42 U.S.C. § 1927 requires a "clear showing of bad faith." *Oliveri*, 803 F.2d at 1273 (citing *Kamen v. American Tel. & Telegraph Co.*, 791 F.2d 1006, 1010 (2d Cir. 1986)) (quoting *State of W. Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir. 1971), *cert. denied*, 404 U.S. 871 (1971)).

## DISCUSSION

Since sanctions are collateral and independent from the underlying action, *Cooter & Gell*, 496 U.S. at 395–96, the mere dismissal or discontinuance of an action does not foreclose the imposition of sanctions, if warranted. A review of the Court's decision denying Defendants' motions for sanctions, reveals that the Court misapplied the law and failed to provide a lawful justification for the denial of the motion(s). Accordingly, upon reconsideration, the Court vacates its two prior orders denying Defendants' motions for sanctions as untimely.

Defendants Aaronson and Long seek sanctions on the basis that Plaintiff engaged in frivolous litigation. More specifically, Defendants assert Plaintiff's lawsuit is frivolous because the Court lacks personal jurisdiction and Defendants' alleged defamatory statements are subject to absolute privilege because they were made during the course of litigation. While the Court is mindful that Defendants' contention may or may not be correct, no such finding has been made.

A review of the case docket shows that little to no actual litigation occurred. Plaintiff commenced the action on September 14, 2018. On October 8, 2018, Plaintiff consented to an

7

extension of time for Defendants to answer, respond or file appropriate motions. (ECF No. 13, 20, & 21.) By letters dated November 12 and 18, 2018, Defendants requested a pre-motion conference for the purpose of filing motions to dismiss. (ECF No. 23, 24, & 27.) Although the Court typically requires the respective parties to appear for an in-court conference, the conference requirement was waived, no court appearance was made, and a motion briefing schedule was set. (ECF No. 28.) Thereafter, Plaintiff sought and was granted an extension of time, with the consent of all Defendants, to oppose Defendants' motion. (ECF No. 29.) Prior to Plaintiff's time to serve opposition papers, Plaintiff discontinued the action.( ECF No. 30.) While it is questionable whether Plaintiff availed himself of the safe harbor provision of Rule 11, as asserted by Plaintiff, the Court in its discretion denies Defendants motion for the imposition of sanctions.

In accordance with the foregoing, the Court GRANTS Defendants' motion for reconsideration, and upon reconsideration, the motions seeking sanctions are DENIED.

Dated: July 31, 2019
   White Plains, New York

            SO ORDERED:

            _____
              NELSON S. ROMÁN
             United States District Judge